SAMUEL FLYNN, Appellant, *v.* DUDLEY FISH and another, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

Where a partner sells his interest in his firm, including the stock and excepting the accounts and indebtedness due it, to his copartners, the sale covers amounts which the vendees have failed to pay in as partners to make their respective shares of the capital stock equal to the capital paid in by him, as well as their liability for moneys withdrawn by them from the firm.

ON the 20th of September, 1866, the parties to this action entered into copartnership to carry on grocery and butchering business in the village of Phœnix, in the county of Oswego, under the firm name of Fish, Parsons & Co. There were no written articles of copartnership, but there was an understanding between the parties that each should contribute toward the capital firm $1,000 to $1,500, and to share equally in the profits and losses of the business.

The firm continued in business until the 15th of August, 1867, on which day it was dissolved by mutual consent, the plaintiff selling out his interest, except the accounts and indebtedness due the firm, or to become due, for the sum of $1,025.68, which sum was to be paid as follows, viz.: The firm was to cancel its account against Flynn, the plaintiff, to the amount of $766.04, release him from his share of the rent

of the store, which Fish & Parsons owned, amounting to forty-two dollars; and the balance, $217.64, was to be paid in ninety days from the day of said dissolution.

It was further agreed between the parties that Fish & Parsons were to take the accounts, &c., owing to the firm and to collect the same, and out of the proceeds to pay, first, the expenses of collections, and to apply the balance on the debts due from the firm; and on the 1st of April, 1868, make a report to Flynn showing the amounts received and paid out under the agreement. If the amount received on the debts due was not enough to pay the debts owing by the firm, then each partner agreed to pay his *pro rata* share of the indebtedness; and if the amount collected exceeded the debts owing by the firm, then the excess was to be equally divided amongst them.

In performance of this agreement Fish & Parsons collected the sum of $2,140.85. Included in this sum were $132.80, the amount of an account on the books of the firm against Fish & Parsons. F. & P. paid for collecting the accounts, &c., and toward the debts of the old firm the sum of $3,252.45, leaving due them $1,111.60. The plaintiff received on debts due the firm after the dissolution six dollars, and of the defendants a harness at ten dollars.

The plaintiff commenced this action to compel an accounting by F. & P. of the receipts and disbursements respecting the accounts due from and to the firm, and the payment to plaintiff of such balance as should be due him on such accounting. He claimed that F. & P. had collected a much larger sum than they had paid on the debts due from the firm.

The answer set forth the facts substantially as stated, alleging that they had paid out much more than they had received, and prayed an accounting and payment to them by plaintiff of his proportion of such balance as should be found due on such accounting.

The cause was referred, and the referee found the facts as above stated, and the amount paid in by each partner as capital, the value of the goods on hand at the date of the

dissolution, and that F. & P. collected all the accounts, &c., that were collectible, and ordered judgment against the plaintiff for $384.52; being one-third part of the amount paid by the defendants over and above the amount received by them.

From this judgment the plaintiff appeals.

*C. W. Avery,* for the appellant.

*W. H. Kenyon,* for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   The plaintiff insists that, under the agreement entered into at the time of the dissolution, he was entitled to have included in the debts due to the firm the amount which defendants had failed to pay to make their respective shares of the capital stock equal to the amount paid in by him as capital.

The referee has not stated the account on this basis; and the neglect to so state it forms the principal ground of exception to the report.

By the contract of the 13th of August, 1867, the defendants bought and the plaintiff sold his interest in the entire property of the firm, including, in the words of the instrument, "the stock," excepting only debts due to it.

When the plaintiff parted with his interest in the firm for a specific sum of money to his copartners his right to an accounting in reference to capital and business of the firm ceased, unless expressly reserved.

The interest which the defendants got by their purchase was in part the capital paid in; and to permit the plaintiff to charge them for any part of their shares of the capital stock would be, in effect, taking back a part of that which he sold.

The reservation of accounts owing the firm did not entitle the plaintiff to treat the unpaid capital as a debt due to the firm by the partners who had omitted to pay it.

I have no doubt but that, in the absence of some agreement to the contrary, to entitle two or more persons to share

equally in the profits of a copartnership each must contribute his proportion of the capital; and, if not done, he will be charged with the deficiency and interest thereon. (Story on Partnership, 497.) But that doctrine has no application to this case.

The defendants have bought and have paid for the interest the plaintiff had in the portion of the capital not paid in by defendants, and they and not the plaintiff own it.

The debts due the firm, which were excepted in the agreement of dissolution, were the debts due from persons other than the members of the firm. If this is not the meaning of the agreement the defendants got nothing by the agreement.

Let us suppose that the plaintiff paid in $1,000 and drew out $250; his share of the capital stock would be $750. If each of the other partners put in $500 and drew out $250, they would each owe the firm $450 to make them equal in interest to the plaintiff. And if there were no profits to be divided the defendants must make their interests equal to that of plaintiff, or his interest must be reduced to that of defendants.

If the sums supposed to be paid in constituted the entire capital with which the profits were earned, the plaintiff must be treated as a creditor of the firm for the amount advanced beyond his share of the capital; and upon that he would be entitled to interest in addition to his share of the profits.

Now in the case supposed the plaintiff sold his interest in the firm for $750, and should he still be entitled to one-third of the unpaid capital and of the amount withdrawn by each of the defendants he would be entitled to receive one-third of the $1,500 or $500 in addition to his whole capital paid in.

Such a result would be too unjust to be tolerated.

If the plaintiff had sold his interest to a third person in no way connected with the members of the firm, excepting from the sale the debts due to the firm, would it be claimed that, after such a sale, he could come and demand of his

former partners one-third of the unpaid capital and of the amount each had withdrawn from the firm?

The statement of the question furnishes the answer.

The plaintiff was clearly liable for his share of the moneys advanced toward the payment of the debts of the firm and the expenses of collection of the debts due to it; and this is all he is called on to pay.

The ground on which I place my decision in the case is the plaintiff sold and the defendants purchased plaintiff's interest in the debts due by the defendants to the firm, whether such debt was for unpaid capital or for money or property taken from the firm.

The judgment must be affirmed, with costs.