JACOB P. FINLEY, WILLIAM R. YOUNG, JOHN FIN-LEY AND ROLLIN R. SMITH, APPELLANTS, *v.* EDWIN G. FAY, RESPONDENT.

*Sale by one partner of his interest to his co-partners — when it releases a debt due from him to the firm.*

The plaintiffs and defendant were engaged in business as partners. On September 7, 1876, an agreement was entered into, under the hands and seals of all the partners, whereby the defendant sold and transferred to the other partners " all his right, title and interest in and to all the assets of the firm," and the other partners covenanted to save him harmless from all firm debts. At that time the defendant owed the firm $16,000.

In an action to recover this amount, *held*, that the purchase by the plaintiffs of defendant's share operated to discharge him from such claim, and that the action could not be maintained.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*John A. Reynolds* and *E. Countryman*, for the appellants.

*Turner, Dexter* and *Van Duzer*, for the respondent.

BOCKES, J. :

The conceded facts of the case, briefly stated, are as follows : Prior to and until February 7, 1876, the parties to the action were co-partners in the lumber business, under the firm name of " Finley, Young & Company," and on that day the defendant sold out to his co-partners, the plaintiffs, and left the firm. An agreement under seal was made and signed by all the parties, five in number, by which the defendant, for the expressed consideration of one dollar and other good considerations, sold and transferred to his four associates, the plaintiffs, " all his right, title and interest in and to all the assets of the firm." At this time the defendant, as is alleged, was indebted to the firm to an amount exceeding $16,000, to recover which amount the four members of the firm, to whom the sale and transfer was

made, brought this action. The referee, to whom the action was referred to hear and determine, held and decided that the purchase by the plaintiffs from the defendant, and his transfer to them, operated to discharge him from the claim in suit, and barred the plaintiffs' right of action. I am of the opinion that the ruling was correct. The plaintiffs purchased the right and interest of the defendant in the firm, and he transferred such right and interest to them. The language of the transfer is explicit, "of all his right, title and interest in and to all the assets of the firm of Finley, Young & Company, being the undivided one-sixth interest." Now, his right and interest as a member of the firm was what would remain due or belonging to him after all firm creditors were paid, and the equities between him and the other co-partners had been adjusted — that is, what would remain due or belonging to him, more or less, after a complete and perfect accounting in regard to the firm business and affairs. Such accounting would operate as an adjustment of all claims and demands which the firm might have against him. Thus, when the plaintiffs purchased his right and interest in the firm property and effects, it was a purchase subject to such accounting, and the sale and transfer by the defendant of his right, title and interest in the property and effects of the firm carried what rights he had, thus determinable. His sale and transfer to the plaintiffs put them in the exact position he held, as regards the assets of the firm. This position was what the plaintiffs purchased, and was precisely what the defendant sold and transferred to them. They accepted all his rights in the firm property and effects, whether valuable or insignificant, and assumed all his firm obligations; for in another part of the agreement the plaintiffs covenanted to save him harmless from all outstanding indebtedness of the firm. These views are supported to some extent, if not entirely, by the case of *Flynn* v. *Fish* (7 Lans., 117), and of *Baldwin* v. *Bald* (48 N. Y., 673); also *Menagh* v. *Whitwell* (52 N. Y., 158), and cases there cited. An additional argument in favor of the above suggestions may be based on the expressed purpose and intent of the parties; that the defendant was transferring his " undivided one-sixth interest " in the firm property and effects. His one-sixth interest transferred to his co-partners was what would remain to him on a complete

adjustment of the partnership affairs, embracing a settlement of his individual accounts with the firm.

I am of the opinion that the case was correctly determined by the referee.

Judgment affirmed, with costs.

LEARNED, P. J. and BOARDMAN, J., concurred.

Judgment affirmed, with costs.