GEORGE L. BALDWIN, Respondent, *v.* JOHN DORSAY BALD et al., Appellants.

(Argued September 27, 1871; decided January term, 1872.)

UPON the dissolution of a co-partnership between plaintiff and defendants, the parties entered into a written agreement, by which the former assigned all his interest in the firm property to the latter, and all claims against the firm or defendants individually, in consideration of receiving certain designated stocks, notes and securities, etc., and of the agreement upon the part of defendants to assume and pay the partnership debts by another agreement executed at the same time as alleged by plaintiff, as an inducement for him to execute the first. Defendants agreed to allow plaintiff any correct charges which had not been credited to him on the books of the firm and to give him credit therefor. In an action to recover the amount of such charges not credited, it appearing that at the time of the dissolution plaintiff's account showed a large indebtedness on his part to the firm. *Held,* that the presumption was that stocks, notes, etc., received by plaintiff were given him upon the basis that the amounts thereof were found due him upon settlement of all their business, including his individual account as it then appeared upon the books, and the agreement to allow charges not credited thereon was not simply to credit them in a settled account, but to pay them.

Upon the trial, plaintiff was allowed to prove what was said
SICKELS—VOL. III. 85

and done prior to the execution of the agreement to allow the balance of his account. *Held*, no error, as it was evident from the pleadings that the object of the question was not to vary anything contained therein, but to show the circumstances which induced the execution of it.

*B. F. Dunning* for the appellants.

*Francis Byrne* for the respondent.

Lott, Ch. C., reads for affirmance.
All concur, except Earl, C., dissenting.
Judgment affirmed with costs.