AMZI L. BARBER, Appellant, *v.* GEORGE H. KENDALL,
Respondent.

RES ADJUDICATA — JUDGMENT FOR SPECIFIC PERFORMANCE A BAR TO
ACTION TO RESCIND CONTRACT FOR FRAUD.  A judgment rendered at
the suit of the purchaser and complied with and satisfied by the vendor,
decreeing specific performance of the unperformed portion of an other-
wise executed contract for the conveyance of land, such as the removal of
an incumbrance, where the vendor, although he did not appear at the
trial, had answered setting up fraud on the part of the purchaser, consti-
tutes a conclusive defense to a subsequent action by the vendor against
the purchaser to rescind and set aside the contract on the ground of fraud
in its inception.

*Barber* v. *Kendall*, 1 App. Div. 247, affirmed.

(Argued February 1, 1899; decided March 7, 1899.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 29, 1896, affirming a judgment in favor of defend-
ant entered upon a decision of the court dismissing the com-
plaint on the merits on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William W. Niles* for appellant.  To sustain a plea of a
former judgment in bar it must appear that the cause of action
in both suits is the same, or that some fact essential to the
maintenance of the second suit was in issue in the first action
and was decided adversely to the plaintiff.  (*Perry* v. *Dicker-
son*, 85 N. Y. 345; *Snider* v. *Croy*, 2 Johns. 228; *Dawley* v.
*Brown*, 79 N. Y. 398; *Parr* v. *Vil. of Greenbush*, 42 Hun,
236; *Marsh* v. *Masterson*, 18 J. & S. 187; *Skinner* v. *Ecken-
rode*, 87 Penn. St. 213; *Rose* v. *Hawley*, 133 N. Y. 315.)
The defense of an election was not properly pleaded; though
anything that would bear any relation to any election is pleaded
also as a separate and further defense and thus it was kept
separate and distinct from the plea in bar.  (Code Civ. Pro.
§ 14, subd. 3.)  It is essential, in order to present that ques-

tion, that the identity of the causes of action should be averred in the answer. (*Secor* v. *Sturgis*, 16 N. Y. 553; *Pray* v. *Hegeman*, 98 N. Y. 351; *Stannard* v. *Hubbell*, 123 N. Y. 531.) A defendant does not ratify a final decree of the court; he either obeys it or resists it. (7 Am. & Eng. Ency. of Law, 12.) Estoppel must be and is not, pleaded. (Code Civ. Pro. § 500.)

*Charles A. B. Pratt* for respondent. The questions raised by the complaint in this action are *res adjudicata*, and the judgment in the action of *Kendall* v. *Barber* is an absolute bar to the maintenance of this action. (*Goebel* v. *Iffla*, 111 N. Y. 170; Freeman on Judg. §§ 249, 253, 260, 277, 465; *Ostrander* v. *Hart*, 130 N. Y. 406; *White* v. *Merritt*, 7 N. Y. 352; *Leavitt* v. *Wolcott*, 95 N. Y. 212; *Moore* v. *City of Albany*, 98 N. Y. 396; *Moore* v. *N. Y. E. R. R. Co.*, 126 N. Y. 671; *Tuska* v. *O'Brien*, 68 N. Y. 446; *Pray* v. *Hegeman*, 98 N. Y. 351; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Candee* v. *Burke*, 10 Hun, 350.) Mr. Barber elected to and did ratify the contract and is estopped from maintaining this action. (*Bach* v. *Tuch*, 126 N. Y. 53; *Strong* v. *Strong*, 102 N. Y. 69; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Cobb* v. *Hatfield*, 46 N. Y. 533; Pom. Eq. Juris. §§ 897, 916, 965; Bispham on Equity, § 259; *Pryor* v. *Foster*, 130 N. Y. 171.)

O'BRIEN, J. The plaintiff in this action sought to rescind and set aside a written contract made between him and the defendant on the 27th of September, 1890. By the terms of the contract the plaintiff agreed to convey to the defendant certain real estate, and the defendant agreed to pay him therefor the sum of $20,000, by the transfer of two hundred shares of the capital stock of the New York Bank Note Company at par. A few days after the execution of the contract the plaintiff conveyed to the defendant the land embraced within the terms of the contract, and received from him the consideration, viz., the two hundred shares of stock. The land thus con-

veyed was subject to a mortgage for $8,000, which, by the terms of the contract, the plaintiff agreed to pay and satisfy of record on or before July 1st, 1893. The contract being thus executed, the defendant went into possession of the land.

The plaintiff now alleges that the contract was infected with fraud, and upon that ground asks to have it rescinded. The complaint contains numerous specific allegations of false and fraudulent representations made to the plaintiff by the defendant concerning the value of the stock, the condition, financial resources and business of the corporation that had issued it, upon the truth of which representations it is alleged that the plaintiff relied in entering into the contract, and which, it is said, were known by the defendant at the time to be false, and were made for the purpose of defrauding the plaintiff. Upon the facts stated in the complaint the plaintiff would be entitled to maintain an action for a rescission of the contract, and upon a finding of such facts in his favor, he would be entitled to the relief demanded.

The allegations of the complaint, however, are all put in issue by the answer, and the defendant also pleads a former judgment in bar. The facts as to the former judgment raise a question of law upon which the appeal must be determined. It is alleged in the answer that the plaintiff failed to pay the mortgage upon the land, as stipulated in the contract, and that subsequently, and in the month of December, 1893, the defendant brought an action against the plaintiff in the Supreme Court to compel a specific performance of the contract in that respect. That is to say, to compel the plaintiff in this action to pay the outstanding bond and mortgage and to procure the same to be discharged of record. The present plaintiff appeared and answered the complaint, and set up as a defense to the claim for specific performance the identical fraud in the transaction upon which the present action is based. Upon comparing the allegations of the plaintiff's complaint in the present action with those contained in his answer in the former suit, it is found that they are substantially the same. It may be that in the complaint in the present case some addi-

tional facts in the nature of evidence are stated, but all of them could have been proved under the general defense of fraud contained in the answer in the first case. A pleading is not made any stronger by stating concisely and generally the facts constituting the cause of action or defense, and then following that up by stating the evidence by which the general allegations are to be established.

The real issues are the same in the present case as in the former suit. The fact that the plaintiff has now amplified his former defense of fraud by stating the evidence to prove it does not change the issue. The same general fact was involved in this case that was involved in the former suit, namely, the existence of fraud in the inception of the contract. In October, 1894, the action for specific performance was brought to trial, and the record shows that the present plaintiff, who was the defendant in that action, failed to appear, whereupon the court proceeded to try the case and to make findings of fact and state conclusions of law which were embodied in the final decision. The court found that the contract was duly executed and delivered ; that the defendant in that action, among other things, stipulated to discharge the mortgage, and had failed to do so ; that the plaintiff was entitled to a judgment for the relief demanded and a decree was entered accordingly, with costs. Subsequently the plaintiff in this action, under and in pursuance of that decree, paid the mortgage and procured it to be satisfied of record, and also paid and satisfied the judgment against him for costs.

Subsequently the plaintiff brought this action, and the relief demanded, after stating the various acts and representations of the defendant constituting the fraud, was that the contract be set aside, annulled and declared void and that the defendant be adjudged to reconvey the real estate to the plaintiff free and clear of all incumbrance, and that the plaintiff have judgment for the use and occupation of the premises in the meantime, and for such other and further relief as might be proper.

The action having been brought on for trial it was agreed

between the respective counsel, in open court, that the question whether the present action was barred by the former judgment should be first tried, and if the court held that it was not barred the trial could then proceed.   The defendant then offered in evidence the judgment roll in the former action, and the question with respect to its effect upon this case was submitted to the learned trial judge, who held that it was a complete bar to the present action which defeated the plaintiff's claim for relief upon the ground of fraud.   This mode of trial, though perhaps not strictly regular, was assented to upon both sides, and the question presented was decided by the court without objection.   Subsequently, the court rendered a formal decision in writing embodying the same decision, and in which it was held that the defendant was entitled to a dismissal of the complaint upon the merits, and judgment was entered in favor of the defendant accordingly.   The plaintiff appealed from this judgment to the Appellate Division, and there the judgment was affirmed by a divided court on the ground, it seems, that while the former judgment was not a bar, yet the plaintiff had elected to affirm the contract and was, consequently, estopped from maintaining this action.

The appeal, therefore, presents the question whether the former judgment was not a conclusive defense to the present action.   We think it was.   The cases are so numerous and so satisfactory upon this question that we do not think that much discussion or examination is necessary.   It is quite clear that the failure of the defendant to appear and litigate the issues in that action does not change the legal effect of the judgment.   The plaintiff is bound by the decision then made and by all the legal consequences which flow from it.   He is bound not only by what was actually decided, but by anything else embraced within the issues and which could have been decided. It is quite certain that the judgment not only determined the existence, execution and delivery of the contract, but, further, that it was a valid and binding obligation upon the plaintiff; that it was free from fraud and capable of being specifically enforced by the decree of a court of equity.   Specific per-

formance of a contract for the sale of lands will not be decreed in cases of fraud, or mistake, or of hard and unconscionable bargains, or where the decree would produce injustice, or would be inequitable under all the circumstances. (*Margraf* v. *Muir*, 57 N. Y. 155.)

It having been adjudged that the contract was in its nature and character capable of being enforced specifically by a court of equity, the present claim of the plaintiff, that it was not only inequitable but void for fraud, is utterly inconsistent with that judgment. We must either contract the legal force and effect of the former judgment and ignore the legal consequences involved in it, or discard the present contention of the plaintiff, that the contract upon which it was founded is fraudulent and void. The judgment cannot have full force and effect, and at the same time the plaintiff be permitted in this action to show that the contract was infected with a vice which would have defeated the first action. Had the plaintiff established in the prior suit the facts which he now asks to have adjudged he would, beyond all doubt, have succeeded in defeating the claim for specific performance. It is apparent that upon the vital question as to whether the contract was or was not infected with fraud, the parties have had their day in court and must be held concluded by what was then decided. If the plaintiff in this suit was not prepared to prove the facts in the former action he should have applied to the court for a postponement of the case, or subsequently for leave to have the judgment opened to the end that he might come in with his defense. As the record now stands there is no way in which we can avoid the consequences of the former judgment without disturbing rules of law that are well established. (*Tuska* v. *O'Brien*, 68 N. Y. 446; *Pray* v. *Hegeman*, 98 N. Y. 351; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449; *Bell* v. *Merrifield*, 109 N. Y. 202; *Goebel* v. *Iffla*, 111 N. Y. 170; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Reich* v. *Cochran*, 151 N. Y. 122.)

In legal theory, at least, the judgment of a court of competent jurisdiction with reference to the facts in controversy

is supposed to import absolute verity. In this case the former judgment decreeing a specific performance of the contract and a judgment in the present action that the same contract was void by reason of fraud in its inception would be such a plain contradiction that no refinement of reasoning or argument could conceal it. And yet that would be the obvious result if the plaintiff could now be permitted to institute an inquiry with respect to the origin of the agreement which was open to him in the first suit, but which was closed by the judgment. The plaintiff's present contention would be destructive of the principle upon which the verity of all judgments must rest in subsequent controversies between the same parties.

We are, therefore, of opinion that the judgment must be affirmed, with costs.

All concur, except BARTLETT and HAIGHT, JJ., dissenting.
Judgment affirmed.