(33 Misc. Rep. 230.)

MERRITT v. MERRITT.

(Supreme Court, Special Term, Kings County.   December, 1900.)

1. TRUSTS—ACCOUNT—COMPLAINT—SUFFICIENCY.
    In an action for an accounting by an executor against one who, prior·
    to testator's death, had managed all of decedent's property under a power·
    from deceased, the complaint, alleging the trust relation and that defend-
    ant had not accounted, was sufficient, without showing the defendant had
    property of the deceased, or was indebted to her at the time of death, since
    the fiduciary relation raised a duty to account.

2. ACCOUNTING—RES ADJUDICATA.
    Where a co-executor had entire management of the property of deceased
    for several years, receiving all income, etc., an account filed by him as
    executor on his resignation, apparently not including his acts as trustee,
    was not a bar to an action against him by the executor for an accounting
    as trustee, since such an accounting was not necessarily embraced within-
    the issues on the accounting as executor.

Action by John Merritt, as executor of the estate of Hannah B.-
Merritt, deceased, against George Merritt for an accounting.   Judg-
ment for plaintiff.

Action for an accounting.  The defendant had the possession and manage-
ment of all of the personal and real property of the deceased for a period of·
22 years up to the time of her death, under a written power of attorney by her
to him, empowering him to collect the rents and income thereof, and also to
sell the same and invest the proceeds.  The defendant was co-executor under
the will of the deceased with the plaintiff, but upon his petition he was permit-
ted to resign as such by the surrogate, he having first filed his account as such-
executor and had the same settled.

De Borden Wilmot, for plaintiff.
Delos McCurdy, for defendant.

GAYNOR, J.   The point is made that the complaint is insufficient
to require the defendant to account.   It alleges only that the defend-
ant did not account to the deceased, and has not accounted since her
death.   It is claimed that it should go further, and have allegations
showing that the defendant still has property of the deceased, or was
indebted to her at the time of her death for money received in his
fiduciary relation to her.   The complaint is sufficient.   It alleges
the fiduciary relation, and that the defendant has never accounted;
and the proof sustains this.   The existence of the fiduciary relation
suffices to require an accounting, for part of the fiduciary duties is
to account; and the burden is therefore on the defendant to show
that his trust duties have been fully performed, and not on the plain-
tiff to prove the negative; and this he can do by showing that he has
accounted, or else by now accounting.   Marvin v. Brooks, 94 N. Y.
71; Frethey v. Durant, 24 App. Div. 58, 18 N. Y. Supp. 839.
    The claim that the accounting of the defendant to the surrogate on
his resignation as executor included the accounting now asked for,
and is therefore a bar to this suit, seems to be unfounded.   That it
did not actually include it is apparent from an inspection of the ac-
count there.   That it must have included ·it in legal contemplation,
or, in other words, that such an accounting was necessarily embraced
within the issues of that proceeding, and could and should have been

decided therein (as in Barber v. Kendall, 158 N. Y. 401, 53 N. E. 1), is not the case. That accounting could legally involve the doings of the defendant as executor only.

Interlocutory judgment for an accounting.