### KELLY v. BUCK.

(Supreme Court, Appellate Division, Second Department. March 17, 1911.)

1. PARTNERSHIP (§ 258*)—DISSOLUTION BY DEATH—PURCHASE BY SURVIVOR OF DECEASED'S INTEREST UNDER OPTION IN PARTNERSHIP AGREEMENT—RIGHT TO ACCOUNTING.

Purchase by the surviving partner of the deceased partner's interest, by exercise of the option in the partnership agreement that the survivor might become the sole owner of the property and assets of the partnership, subject only to partnership liabilities to third persons, by payment, within 90 days of death of the partner, to his executors, of a certain sum, constituted, in the absence of fraud, a mutual adjustment of the mutual rights of the partners, and an extinguishment of the debts of decedent to the firm; so that the survivor is not entitled to accounting against him.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 258.*]

2. APPEAL AND ERROR (§ 934*)—SUPPLYING FINDINGS.

A finding, vital to the judgment, not made by the trial court, cannot be supplied by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 934.*]

Appeal from Special Term, Kings County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William Kelly against Carrie G. Buck, executrix of Ezra W. Buck, deceased. From an interlocutory judgment directing an accounting of partnership transactions between plaintiff and deceased, defendant appeals. Reversed, and new trial granted.

The opinion of Clark, J., at Special Term, is as follows:

If merely by business reverses, or by bad business management, the interest of the deceased partner had fallen below the figure which the surviving partner thought he was purchasing under the original understanding, the plaintiff would have been remediless. The interest of a partner in co-partnership assets is the difference between his book interests therein and. the amount, if any, of his personal indebtedness to the copartnership. The mutual understanding of the parties at the outset involved honest administration by each, of the business; whereas, the plaintiff charges that his deceased copartner misappropriated, for his own use, part of the copartnership assets. Such misappropriation has been sufficiently shown to entitle the plaintiff to an interlocutory judgment for an accounting.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

Louis W. Severy, for appellant.

Benjamin F. Norris (George W. Titcomb, on the brief), for respondent.

CARR, J. The plaintiff and one Ezra Buck were copartners in the trucking business in the city of New York. In August, 1897, while the partnership was pending, they entered into a written agreement, which, after reciting generally the mutual interests of the partners, provided as follows:

"Whereas, they desire to enter into some further agreement whereby in the event of the death of either, the business and assets of the said copartnership may become the sole property of the other, subject only to the debts · of said copartnership:

"Now, therefore, in consideration of the premises and one dollar to each in hand paid by the other, the receipt whereof is hereby acknowledged by the parties hereto, it is hereby agreed that in the event of the death of either of the said parties during the continuance of said copartnership, the property and assets of same shall become the sole property of the survivor, free and clear of any and all claims of any kind whatever of the executors or administrators of the deceased party, but subject to all the debts and liabilities of said copartnership to other parties, provided the said surviving partner shall within ninety days after the death of said party pay to the executors or administrators of said deceased party the sum of five thousand dollars."

Buck died in October, 1908, and the plaintiff, as surviving partner, on December 30, 1908, paid to Buck's executrix, the defendant herein, the sum of $5,000, and became the sole owner of "all the property and assets" of the partnership, as provided in the agreement aforesaid. In August, 1909, he brought this action in equity against the defendant as the executrix of the will of the deceased partner, Buck, to procure an accounting of the partnership transactions from its inception to the date of Buck's death. The complaint alleges the existence of the copartnership, the death of Buck, the equal interest of each partner in the firm assets and profits. It then sets forth that during the existence of the partnership Buck had wrongfully diverted to his own use large sums of money belonging to the partnership in excess of his

lawful share thereof, and was at the time of his death largely indebted to the partnership by reason of such diversion. There was a further allegation· that no partnership accounting had ever been had. The prayer for relief was for an accounting of all moneys had and received by both partners, "and that any and all moneys found to be due by either of the parties hereto to the said firm, or to each other, be paid." The answer denied the allegations of misappropriation of firm moneys by Buck and of any indebtedness by him to the firm, and pleaded as an affirmative defense the agreement as to a purchase by the plaintiff of the partnership interest of the deceased partner and its performance by the plaintiff. On the trial at Special Term, judgment was given for the plaintiff,. decreeing an accounting of the partnership transactions from its inception to the death of Buck, a period of some 15 years. The decision of the trial court contains no findings that during the existence of the partnership there was any wrongful diversion of firm moneys by Buck or that he died indebted to the firm, but does contain a finding that the plaintiff, under the copartnership agreement above quoted, paid the estate of Buck the sum of $5,000 as the consideration for his becoming the sole owner of the partnership assets. Neither in the complaint is there any allegation that the plaintiff has rescinded this executed agreement, nor is there any finding of a rescission by the plaintiff nor of any fraud by Buck's executrix, this defendant, which induced the plaintiff to enter into the performance of the executed agreement. Nor does the judgment contain any provision for its rescission.

[1] The decision and judgment of the court seem to proceed on the theory that, as the partnership was dissolved by the death of Buck, the plaintiff is entitled to an accounting as an ordinary incident of the dissolution. It is true, of course, that on the dissolution of a copartnership either partner has a right to an accounting in a court of equity. Watts v. Adler, 130 N. Y. 646, 29 N. E. 131. This right may be defeated, however, by an accord and satisfaction or by a release. 2 Lindley on Partnership (2d Amer. Ed.) pp. 1134, 1136. By the performance of the liquidation agreement, above quoted, the plaintiff be-came the sole owner of the partnership assets, subject to the claims of third parties, but free from all claims of Buck's estate. As Buck's estate had made no claims upon the plaintiff, the only object of an accounting would be to ascertain whether, despite the purchase by the plaintiff of Buck's interest, there existed in favor of the plaintiff any claims against Buck's estate for any indebtedness of the decedent to the partnership. If the purchase by the plaintiff of the decedent's interest in the copartnership constituted in itself, in the absence of fraud, a mutual adjustment of the mutual rights of the partners and an extinguishment of the debts of the deceased copartner, then there should be no accounting, as there would be neither necessity nor propriety thereof. It appears to be settled law that the purchase by one partner of all the rights of another partner in the partnership assets extinguishes any indebtedness of the selling partner to the partnership, in the absence of fraud or an express agreement to the contrary. Lesure v. Norris, 11 Cush. (Mass.) 328; Clark v. Carr, 45 Ill. App. 469; Hattenhauer v. Adamick, 70 Ill. App. 602; Hamilton v. Wells, 182 Ill.

144, 151, 55 N. E. 143; Hasselman v. Douglass, 52 Ind. 252; Over v. Hetherington, 66 Ind. 365; Thompson v. Lowe, 111 Ind. 272, 12 N. E. 476; Wiggin v. Goodwin, 63 Me. 389.

In Lesure v. Norris, ut supra, the court said:

"The sale to the defendant under the circumstances stated was a dissolution of the copartnership. Taft v. Buffum, 14 Pick. 322. It was also in effect an adjustment by the partners as between themselves of all its concerns and a division and appropriation of everything belonging to it. Nothing further remained to be done to effect a complete settlement between themselves."

In Clark v. Carr, ut supra, the court said:

"It is not upon any theory of release of liability of a retiring partner or release of right of action against him that the debts due from him to the firm may be presumed to be settled, and it is not so claimed. No presumption of that kind could arise from the mere fact of a sale, but the presumption that arises in the absence of anything to show the contrary is that in the valuation upon which the sale is based the debt of the selling partner is taken into account and charged to him and the value of his interest is thereby reduced to that extent, so that the debt is actually paid in that way."

It is true that in the case at bar the transaction of sale was not between living partners, and that the amount of the consideration was fixed by agreement some 11 years before the dissolution of the partnership, but, on the death of Buck, the plaintiff as surviving partner had full control of all the partnership books and assets, and had an option to exercise the privilege of purchase in 90 days, with his eyes reasonably open, and, in the absence of fraudulent statement or concealment, he must be presumed to have taken into consideration the various elements which would enable him to determine whether he would or not exercise the option of purchase with all its legal effect.

[2] If the trial court intended to find that there was any fraud which induced the plaintiff to make the purchase in question, it should have done so, and it is not for this court on appeal to supply so vital a finding. Cutter v. Gudebrod Brothers Co., 168 N. Y. 513, 61 N. E. 887. It is urged, however, by the respondent, that the doctrine of the cases above cited as to the presumed extinguishment of a partner's debt to a firm on the purchase of such partner's interest by the other partners is not the rule in this state, and Finley v. Fay, 96 N. Y. 663, is cited to the contrary. That case is meagerly reported in the Court of Appeals, and in the reporter's statement of facts there are some important errors. An examination of the record on appeal shows that the case arose as follows: The plaintiffs sued the defendant for a balance due upon an account stated between them as copartners, alleging that said account showed a balance due by the defendant to the partnership of some $16,000, and alleged a promise by the defendant to pay said balance. The defendant pleaded that he had sold and the plaintiffs had bought all his interest in the partnership by an instrument in writing, and had thereby become released of all indebtedness to the firm. This instrument contained a provision that the buyers would save the seller "harmless of any and all indebtedness of the late firm of Finley, Young & Company." The consideration of the sale, as recited in the instrument, was nominal. At the trial the referee

excluded oral evidence offered by the plaintiffs to show the account stated and the promise of the defendant to pay the balance so shown. On appeal to the General Term this ruling was sustained. Finley v. Fay, 17 Hun, 67. On a further appeal to the Court of Appeals the judgments entered below were reversed, the court saying:

"There is nothing in the language or effect of the written agreement set out in the answer which prohibits the plaintiffs from proving under their complaint, by parol, and recovering upon the cause of action alleged by them, to wit, that at the time of the dissolution of the copartnership between the parties there was a settlement of the firm accounts, by which it was found that there was due the plaintiffs from the defendant the sum of $16,000, which he promised and agreed to pay. The referee erred in holding that such proof could not be given or recovery had."

The only question passed upon therefore was as to the admissibility of evidence. The transaction between the parties resulting in a dissolution of the partnership was partly by parol and partly in writing. The writing did not purport to show a sale and purchase on a valuation as the consideration recited was but nominal. It contained a clause binding the buyer to save the seller harmless from outside creditors, and what the Court of Appeals held was that the plaintiffs might show by parol the real nature of the arrangements made between the parties on the dissolution of the partnership. There is nothing in its decision which conflicts with the rule declared in other jurisdictions in the authorities above cited.

On the record now before this court, the judgment should be reversed and a new trial granted, costs to abide the final award of costs.

JENKS, P. J., and BURR and WOODWARD, JJ., concur. HIRSCHBERG, J., concurs upon the ground that there is no finding of misappropriation, notwithstanding the statement to that effect in the Special Term opinion.