(79 Misc. Rep. 523.)

## HUTCHINSON v. SPERRY.

(Supreme Court, Special Term, New York County. February 26, 1913.)

1. PARTNERSHIP (§ 263*)—PARTNERSHIP AT WILL—DISSOLUTION.
    The mere fact that a partner in a partnership at will, who was not in the habit of remaining around headquarters, stated that he was willing to retire and went to a distant state from which both partners came and remained there some time, does not show that there was an agreement to dissolve or an abandonment by such partner.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 600–602, 607; Dec. Dig. § 263.*]

2. LIMITATION OF ACTIONS (§ 60*)—ACCRUAL OF RIGHT OF ACTION—ACCOUNTING BY PARTNERS.
    The statute of limitations does not run as against the right of a partner in a partnership at will to an accounting until there is an abandonment of the partnership by such partner or a dissolution.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 333–341; Dec. Dig. § 60.*]

3. PARTNERSHIP (§ 321*)—ACCOUNTING—LACHES.
    In a suit for an accounting by a partner in a partnership at will, where there is no evidence of an accounting, dissolution, or abandonment, such partner cannot be guilty of laches so as to prevent his recovery, on the ground that he had allowed the other partner to run the business and remained in a distant state.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 742–745; Dec. Dig. § 321.*]

Suit for a partnership accounting by Shelley A. Hutchinson against Thomas A. Sperry. Decree for plaintiff.

Edward Herrmann, of New York City, for plaintiff.

John Hall Jones, of New York City (Frank T. Wolcott, of New York City, of counsel), for defendant.

NEWBURGER, J. In 1897 plaintiff and defendant entered into a partnership under an oral agreement to continue for no fixed period in the trading stamp business under the firm name of Sperry & Hutchinson. Subsequently a corporation known as the Sperry & Hutchinson corporation was formed, to which certain of the assets of the partnership were transferred; the firm retaining the business in several of the cities and states in the United States. It also appears that the International Trading Stamp Company had transferred to the firm certain assets which were not included in the bill of sale from the partnership to the corporation. No formal dissolution agreement was ever entered into, nor is there any evidence that any final accounting ever has been had between the parties. On the 26th day of June, 1912, plaintiff brought this action to dissolve the partnership, for an accounting, and for a division of the assets, if any.

The agreement between the parties was oral, no time for its continuance was fixed, and therefore it was a partnership at will.

In Spears v. Willis, 151 N. Y. at page 449, 45 N. E. at page 851, which was an action to dissolve a copartnership and for an accounting, it appeared that the plaintiff removed to another city and there-

after took no part in the business of Willis & Spears. Chief Justice Andrews, in delivering the opinion of the court, says:

"But if it was a partnership at will, either because its duration was not fixed by the agreement or for the reason that it was an oral agreement not to be performed within a year from its inception, nevertheless it continued until it was dissolved by the act of one or both of the parties. It was claim-ed by the defendant that the removal of the plaintiff to Canton in the fall of 1887, and his thereafter ceasing to take any part in the business, was an abandonment by the plaintiff of the partnership and operated as a dis-solution. The defendant also sought to establish that in the fall of 1887 he informed the plaintiff that he would no longer continue the partnership. It is sufficient to say that the referee refused to find that the plaintiff abandoned the business of the partnership, and his finding as to what was said between the parties in the fall of 1887 shows simply that while the defend-ant expressed an unwillingness to continue the business and divide the profits, and the plaintiff showed a willingness to sell his interest, there was only a naked proposition from either, and that no change was effected in their relation as partners. The dissolution of a partnership at will may be im-plied from circumstances. But when not the result of mutual agreement there must be notice by the party desiring a dissolution to his copartner of his election to terminate the partnership, or his election must be manifested by unequivocal acts or circumstances brought to the knowledge of the other party which signify the exercise of the will of the former that the partner-ship be dissolved. 2 Lindlay on Part. book 4, § 1, p. 572, and cases cited."

The learned justice further on, referring to the conduct of the de-fendant in depriving the plaintiff of part of the assets, says:

"The relation between partners is fiduciary, and the strictest good faith is required in their dealings with each other or with the partnership interests. 'All the partnership property (says Judge Story, Sto. on Part. § 174) and partnership contracts should be managed for the equal benefit of all partners according to their respective shares and interests therein. If therefore any one partner should stipulate clandestinely for any private advantage or bene-fit to himself, to the disadvantage or in fraud of his partners, he will in equity be compelled to divide such gains with them.' See, also, 2 Kent's Com, 51."

In Brady v. Powers, 112 App. Div. 845, at page 849, 98 N. Y. Supp. 237, at page 240, which was also an action to dissolve a partnership and for an accounting, Mr. Justice Clarke says:

"In order to effect a dissolution of this partnership at will there must have been a mutual agreement to dissolve or there must have been notice by a party desiring a dissolution to his copartners 'of his election to terminate the partnership, or his election must be manifested by unequivocal acts or circumstances brought to the knowledge of the other party which signify the exercise of the will of the former that the partnership be dissolved.' Spears v. Willis, 151 N. Y. 449 [45 N. E. 851]."

[1] There is absolutely no evidence to show that the parties ever dissolved the copartnership. That the plaintiff did state that he was willing to retire, coupled with the fact that he returned to Michigan, from whence both he and the defendant had come, and remained there for some time, does not bear out the defendant's contention that there was either an agreement to dissolve or abandonment by the plaintiff.

[2] The defendant claims that the statute of limitations applies, and the cases cited by him are not applicable. In Kelly v. Buck, 143 App. Div. 546, 128 N. Y. Supp. 918, it appears that the partners had agreed that upon the death of either the survivor was entitled to purchase the

decedent's interest, and the court held that in the absence of fraud such agreement would prevent an accounting. In Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554, it appears that the partnership had been dissolved and one partner appointed liquidator, and the court determined that after a dissolution the statute of limitations began to run. In Kennedy v. Porter, 109 N. Y. 549, 17 N. E. 426, the court held that death dissolved a partnership unless there was some agreement for its continuation. The defendant's contention that plaintiff's action accrued in July, 1901, by the reason of plaintiff's abandonment, is not borne out by the facts. From the beginning of the partnership defendant seems to have been the master spirit. He appears to have directed the business and simply sent the plaintiff traveling over the country discovering new fields for their business or examining territories in which the business had not proved profitable. It cannot be construed, therefore, that the plaintiff's absence from the headquarters while residing in Michigan was an abandonment by him of his business. As there was neither an abandonment nor a dissolution, the statute of limitations cannot be applied.

[3] The objection that the plaintiff is guilty of laches, and therefore cannot recover in an equitable action, is of no avail. In Pollitz v. Wabash R., 207 N. Y. at page 130, 100 N. E. at page 726, Mr. Justice Collin says:

"Laches, however, is not a bar to the cause of action alleged. The plaintiff, in behalf of the corporation, is seeking to enforce in equity a legal right, to wit, the right of the corporation to recover from the individual defend-,ants the damages resulting from their misuse of its assets. The favor or the discretion of the court is not appealed to, as was the fact in Groesbeck v. Morgan, 206 N. Y. 385 [99 N. E. 1046], which was an action for specific performance by a vendee against the vendor, wherein we held that laches were a defense independent of the statute of limitations. In the present case resort is had to equitable jurisdiction for the purpose of ascertaining through an accounting the sum of damages. In Coit v. Campbell, 82 N. Y. 509, 514, Judge Rapallo, writing for the court, said: 'It is a well-established principle of equity that, where there is a discretion to bar a right on the ground of delay, the courts will, in the exercise of that discretion, use the statute of limitations as a rule to guide their action. Mitford's Equity Pleadings, 293, 318. Of course, this principle applies only to cases where the relief asked relates to a matter of right and not to applications to the favor of the court or for its indulgence in cases of default or excusable neglect. These cases are purely discretionary, and any laches which may to the courts seem sufficient is cause for denying relief.' The alleged cause of action is barred by the statute of limitations applicable to it and not by laches. Coit v. Campbell, 82 N. Y. 509; Brinckerhoff v. Bostwick, 99 N. Y. 185 [1 N. E. 663]."

That there was no accounting is apparent from the testimony of the defendant and his bookkeeper.

The plaintiff is entitled to an interlocutory decree directing defendant to file an account. Submit findings and decree in accordance with the views herein expressed.