IVAN SELIG, Appellant, *v.* EDWIN F. WERRING and Another, Individually and as Copartners, Doing Business under the Firm Name of SCHIFF, WERRING & Co., Respondents, Impleaded with LILY SELIG, Defendant.

First Department, November 6, 1931.

*Harris Berlack* of counsel [*Stanley H. Fuld* with him on the brief; *Frank Aranow*, attorney], for the appellant.

*Joseph Lotterman* of counsel [*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames*, attorneys], for the respondents.

McAVOY, J. The suit is upon a promissory note made by defendants to the order of one Lily Selig, who was made an additional party defendant.

The amended answer admits the making of the note, denies information as to the transfer to plaintiff and sets up a defense that the defendants were in partnership with one Schiff during his lifetime; that after his death, they purchased his partnership interest from his executors at an agreed figure; and that the note

sued upon is the last of a series of notes given for the purchase price. There is then set forth a claim against the deceased Schiff which is based upon a conversion of partnership moneys during his lifetime.

The defense is to the effect that when computing the value of Schiff's interest in the business, a complete inventory was made of all the stock on hand, the assets of the partnership, its liabilities and every factor which would constitute a basis upon which value of the entire business could be predicated; that the books of account served as a basis of the valuation of the business; and that after the valuation had been completed, the defendants agreed to purchase the share of Schiff for a certain sum of money. Thereafter three notes of equal amount were given by the surviving partners to the executors. Part of the last note when it became due was paid. The time for the payment of the balance was extended and two notes of $9,000 each were made to the executors of the decedent. The note now sued upon is the second of the two notes then given. It is asserted that after the defendants had made payment under the prior due notes, they discovered that some of the stock at hand was unmerchantable and asked for an allowance from the decedent's estate. A small allowance was offered and rejected.

Subsequently, before the due date of the note in suit, defendants discovered that during his lifetime, the decedent Schiff withdrew large sums of money to be used by him for traveling and other business expenses; that such sums so received were not used for such traveling or other business purposes, but were retained and converted to his own use without the knowledge and consent of the defendants. It is asserted that these sums aggregated $15,000, that their portion of the sum so converted, to which they were entitled, is $10,000, and that there was a failure of consideration in the issuance of the purchase price notes, including the note in suit, to the extent of $10,000.

As to the defendant Lily Selig, it is alleged that she received the note in suit as part of her residuary legacy; that the estate has been completely distributed, and that the plaintiff received the note in suit after maturity, or without payment of consideration, or with notice of the facts alleged. These allegations are repeated as a counterclaim against plaintiff and the additional defendant Lily Selig, with the additional allegations of demand and non-payment.

The motion at Special Term on these pleadings was: (1) To strike out the separate defense on the ground that it is insufficient in law; (2) to dismiss the counterclaim on the ground that it does not constitute a cause of action; (3) to dismiss the counterclaim on the ground that it is not one which may properly be interposed in this

action; (4) for summary judgment, awarding the sum demanded in the complaint.

At the Special Term the decision went off on a ruling that a sufficient issue of *bona fides* had been raised against the plaintiff which would allow of the plea in the defense and counterclaim. The question of insufficiency of the defense and counterclaim, regardless of the plaintiff being a holder in due course, was not adjudged as far as the order now here shows. If the defense and counterclaim are insufficient, there remains nothing in the answer but denials of knowledge or information, sufficient to form a belief, which in the instance of the pleadings before us would raise no issue.

The sole basis of the defense is the alleged assertion that the interest which the defendants purchased was worth less than they thought it to be worth.

The inadequacy of the value of the thing bought and paid for does not constitute a failure of consideration. Inadequacy amounting to lack of consideration covers either a total uselessness to all parties or destruction of the *res* partial or complete. The transaction involved a settlement of account between partners. The determination of the value of the partnership interest and the agreement to purchase the same thus eliminate the defense of failure of consideration. Since there is no cause of action sufficiently pleaded to constitute a cause against the deceased's estate, or against his executors and legatees, a setoff against the legatees of the deceased partner or against the present holder of the note cannot be maintained. No suit would lie at law by a partner for conversion of the partnership property, and no suit at law or equity arises with respect to partnership transactions after an agreement for purchase by one partner of another partner's interest.

No allegations of fraud or duress are found in the defense or counterclaim. There is no showing of facts which would constitute a mutual mistake of fact entitling the defendants to relief in equity. No allegations of illegality of contract appearing, no rescission of the contract in which the note was given and no offer to restore that which was received are set out. The defense and the counterclaim pleaded raised no issue against the validity or enforcibility of the note. The defense and the counterclaim should have been stricken out.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.