EDWIN F. WERRING and Another, Appellants, Respondents, *v.* CHARLES SELIG, as Executor, etc., of HENRY W. SCHIFF, Deceased, and Another, Respondents, Appellants, Impleaded with EDWARD ZELLENKA and Another, as Executors, etc., of HENRY W. SCHIFF, Deceased, Defendants.*

First Department, April 25, 1934.

*Harris Jay Griston* of counsel [*George C. Baron* with him on the brief; *Harris Jay Griston*, attorney], for the plaintiffs.

*Harris Berlack* of counsel [*Frank Aranow*, attorney], for the defendants.

MERRELL, J. The plaintiffs were formerly copartners of one Henry W. Schiff, now deceased. The matters involved upon this appeal were previously before this court in an action entitled " Ivan Selig v. Edwin F. Werring and Herbert W. Rosenthal,

* Leave to appeal denied, 264 N. Y. 688.

individually and as copartners, doing business under the firm name of Schiff, Werring & Co." In that case the plaintiffs, appellants, here were sued upon a promissory note given as a part of the purchase price of the copartnership interest of Henry W. Schiff, which purchase was made of the executors named in his will. In defense of the action to recover upon the promissory note above mentioned, the plaintiffs here, as defendants in that action, set up the same facts which they now plead in the present complaint, and as a counterclaim against the holder of the promissory note there sued upon. In the former action the plaintiffs, under their counterclaim, asked affirmative judgment against the defendant, respondent, herein, Lily Selig. The plaintiff in the prior action moved, under rule 113 of the Rules of Civil Practice, to strike out the answer and counterclaim of the defendants as sham, and for summary judgment in favor of the plaintiff against said defendants (plaintiffs here) upon said promissory note. The plaintiff's motion in that action was denied at Special Term, and upon appeal to this court the order of the Special Term denying plaintiff's said motion was reversed and the defenses and counterclaim contained in the answer of the defendants (plaintiffs here) were stricken out and summary judgment granted the plaintiff upon the note (*Selig* v. *Werring*, 233 App. Div. 371). An opinion was written in this court, all of the members concurring therein. The order of this court and the summary judgment entered thereon were unanimously affirmed by the Court of Appeals without opinion (259 N. Y. 537). In the defense set forth by the defendants in the prior action and in the complaint herein, it is alleged that after the death of Henry W. Schiff, the plaintiffs herein, his surviving partners, purchased from his executors the share and interest of said Henry W. Schiff in the partnership business as of the date of his death. Upon the decision of the Court of Appeals in the former case, the appellants there asked leave of the Court of Appeals to appeal to that court and also moved for leave to amend their answer. The appellants, by their present counsel upon this appeal, contended that the presentation of the facts as a claim for damages for fraud committed by the decedent took the case out of the rule enunciated by this court. Said motion of the defendants, appellants, to the Court of Appeals was denied and the defendants were denied the right to establish the very claim which they seek to maintain in the present suit, namely, that they were induced by fraud to purchase their copartners' interest.

The court at Special Term, we think, erroneously overruled the contention of the defendants that the granting of the former order and the entry of summary judgment thereon was res *adjudicata*

as to the matters involved upon the present motion. However, the court at Special Term granted the motion on the ground that the complaint was insufficient. The plaintiffs have appealed therefrom. The defendants also appeal and controvert the decision of the court at Special Term in so far as the Special Term held that the determination of the former motion was not *res adjudicata*, the respondents, appellants, also contending that the court at Special Term improperly permitted the plaintiffs to amend their complaint.

It is alleged in the complaint that plaintiffs, with one Henry W. Schiff, were formerly copartners carrying on business under the firm name and style of Schiff, Werring & Co.; that Henry W. Schiff died on May 17, 1928, and that the defendants Selig, Zellenka and Golieb were named and qualified as executors of his will. The complaint then names the next of kin surviving the testator and states the provisions of his will under which the defendant Lily Selig was named as residuary legatee. The complaint further alleges that the executors filed an account and were discharged in September, 1929, and that as residuary legatee the said Lily Selig received a sum in excess of $15,000. The complaint then alleges that the note for $9,000 was given in part payment of the consideration for the purchase by the surviving partners of the interest of the deceased partner; that the note was made payable to Lily Selig, residuary legatee, and they allege that this note for $9,000 " was duly paid to the said Lily Selig." They fail to allege the fact that this was not paid to Lily Selig until a judgment thereon had been affirmed by the Court of Appeals. The complaint then alleges in detail the various withdrawals from the partnership funds made by Henry W. Schiff for traveling expenses during the years 1923 to 1928, inclusive, and it is alleged that as to each year the amounts withdrawn were in excess of the actual traveling expenses of said Schiff, and that the total amount withdrawn by Schiff in excess of his actual traveling expenses was $10,689.49. It is alleged in the complaint that said amounts were wrongfully withdrawn by said Schiff " and wrongfully and fraudulently concealed from the plaintiffs." It is this allegation that the plaintiffs contend meets the opinion of this court on the former appeal. There is, however, no allegation that the plaintiffs contend meets the opinion of this court on the former appeal. There is, however, no allegation contained in the complaint of any facts supporting the conclusion of fraudulent concealment by Schiff. The plaintiffs ask judgment for one-third of the amount so claimed to have been withdrawn in excess of the actual expenses of Schiff, amounting to $3,563.16 in favor of each plaintiff. Judgment is demanded against the executors and against the residuary legatee, Lily Selig.

It is admitted that the executors have no assets in their hands at the present time.

The note for $9,000, referred to in the complaint, was due November 18, 1930. During the previous month the note was indorsed and delivered by the payee to her brother-in-law, Ivan Selig. The note was not paid at maturity, and, later, action was brought upon the note by the indorsee, Ivan Selig, against the makers, the plaintiffs herein. In that action the defendants, by way of defense and also by counterclaim, set up the very matters by which they seek to recover in the present action. In the prior action the plaintiff moved to strike out the answer and counterclaim of the defendants as sham and for summary judgment. Upon the argument of this appeal the papers on the former appeal were presented to this court. An examination of the papers on the former appeal discloses that the identical facts upon which the present cause of action is based were therein set forth and alleged by way of defense and counterclaim. Upon motion of the defendants in the former action (plaintiffs here), Lily Selig was made a party defendant, the defendants there asking for a setoff of the amount claimed by them to have been unjustly withheld by their former partner, and for affirmative judgment against Lily Selig in the amount of $10,000. Upon the motion of the plaintiff in the former action for summary judgment very voluminous affidavits were submitted by Werring and Rosenthal, the plaintiffs here, in support of their defense and counterclaim. The main affidavit was made by the defendant Edwin F. Werring. It was held by this court that the answer and the counterclaim therein and the opposing affidavits to the motion of the plaintiff added no facts sufficient to cure the legal defects of the pleadings, and that no triable issue was presented as against the payee and residuary legatee, Lily Selig. This court upheld the plaintiff's contention, struck out the defense and counterclaim, and granted summary judgment in favor of plaintiff and against the defendants Werring and Rosenthal for $9,688.03. As before stated, said judgment was unanimously affirmed in the Court of Appeals, without opinion. Prior to the unanimous affirmance by the Court of Appeals, the defendants (plaintiffs here) had been represented by a firm of attorneys. The defendants thereafter appeared by their present attorney, who moved before the Court of Appeals for leave to reargue or, in the alternative, for leave to serve an amended answer. The form of the proposed answer accompanying said motion is set forth in the present papers on appeal. An examination of the proposed answer shows that the defendants there sought to serve an answer containing an allegation that the withdrawals made by

Schiff in excess of his actual traveling expenses for the various years were "wrongfully and fraudulently concealed from the defendants." The same allegation is to be found in the proposed amended answer as to each of the allegedly wrongful withdrawals. The facts set forth in the proposed amended answer which the appellants (plaintiffs here) asked the Court of Appeals to permit are precisely the same allegations contained in the present complaint. Except for the necessary changes in form to make the said allegations into a complaint, the proposed amended answer submitted to the Court of Appeals is identical with the complaint in the present action. The Court of Appeals denied the appellants leave to file said proposed amended answer. In the present litigation the exact relief which was denied them by the Court of Appeals in the previous litigation is sought to be obtained by the appellants here. We think the matter in question is completely *res adjudicata*, and that the decisions of this court and of the Court of Appeals effectually settle for all time the insufficiency of the allegations contained in the present complaint.

The justice presiding at Special Term held that the question of *res adjudicata* was without merit, as the judgment in the prior litigation was not a final judgment upon the merits. We are of the opinion that said justice was wrong in so holding, for reasons hereinafter set forth. Nevertheless, the court below held that the complaint was insufficient and stated no cause of action, and, even assuming that the prior judgment did not finally determine the rights of the parties upon the merits, that, nevertheless, the decisions of this court and the Court of Appeals, above referred to, on substantially the same state of facts, constitute a controlling authority in the case at bar.

It seems to us that the adjudication by this court, affirmed by the Court of Appeals, in the prior litigation is binding against the plaintiffs herein. The law is well settled that where a counterclaim has been set up in an answer by a defendant and judgment is rendered for the plaintiff, the matter involved in the counterclaim becomes *res adjudicata* and cannot be made a basis of a subsequent action against the plaintiff. (*Wright* v. *Miller*, 147 N. Y. 362.) The appellants insist that their counterclaim was not adjudicated on the merits on the former appeal. We think this is hardly true because of the fact that the counterclaim was set forth in great detail in the affidavits opposing the plaintiff's motion for summary judgment. Not only were the matters set up by way of counterclaim, but they were pleaded by way of defense in the prior action, and they were, therefore, decided upon the merits.

" All defenses to plaintiff's cause of action which were set up

and adjudicated are concluded by a judgment for plaintiff, so that they cannot thereafter be urged as against further proceedings upon the same cause of action, or upon the judgment itself, or in further litigation between the same parties upon the same subject matter. Under this rule matters alleged by way of defense to an action, and fully negatived by the judgment therein, cannot afterward be made the basis of a new action by the former defendant against the former plaintiff." (34 C. J. 854, 855.) (See, also, *Barber* v. *Kendall*, 158 N. Y. 401.) In that case the Court of Appeals said (at pp. 404–406): " The real issues are the same in the present case as in the former suit. The fact that the plaintiff has now amplified his former defense of fraud by stating the evidence to prove it does not change the issue. The same general fact was involved in this case that was involved in the former suit, namely, the existence of fraud in the inception of the contract. * * * The plaintiff is bound by the decision then made and by all the legal consequences which flow from it. He is bound not only by what was actually decided, but by anything else embraced within the issues and which could have been decided. It is quite certain that the judgment not only determined the existence, execution and delivery of the contract, but, further, that it was a valid and binding obligation upon the plaintiff; that it was free from fraud and capable of being specifically enforced by the decree of a court of equity. * * * We must either contract the legal force and effect of the former judgment and ignore the legal consequences involved in it, or discard the present contention of the plaintiff, that the contract upon which it was founded is fraudulent and void. The judgment cannot have full force and effect, and at the same time the plaintiff be permitted in this action to show that the contract was infected with a vice which would have defeated the first action."

A judgment in favor of plaintiff is conclusive, not only as to defenses which were actually set up and adjudicated, but also as to those which might have been raised, and the courts have hold it to be the duty of a defendant to raise all available defenses, and if a defendant fails to do so he cannot thereafter use the matter not set up as a defense for affirmative relief. (*Barber* v. *Kendall*, *supra; Reich* v. *Cochran*, 151 N. Y. 122.) Surely, the plaintiffs in the present case are bound by the prior judgment in the action wherein they raised and litigated the very controversy upon which they predicate their present action. I think the contention of the plaintiffs, appellants, that the prior decision was merely upon the pleadings is not in accord with the facts. In their brief on the former appeal before this court the respondents (plaintiffs herein)

made the following contention: " Summary judgment cannot be granted, where the facts contained in the opposing affidavit reveal a legally sufficient defense or a counterclaim, though the pleading thereof be imperfect or non-existent (*Curry* v. *Mackenzie*, 239 N. Y. 267). It becomes imperative, therefore, to consider the legal sufficiency of the facts set forth in the opposing affidavits as well as the pleading thereof in the amended answer."

The plaintiff therein conceded such contention of the respondents, and then urged, as the defendants, respondents herein, do now, that the affidavits interposed by the defendants added nothing to overcome the legal deficiencies of the pleading, and that the answer and affidavits taken together did not show any substantial ground of defense. In the Court of Appeals the appellants renewed the same contention that " Technical defects in a pleading are not available upon an application for summary judgment. If the affidavits in opposition spell out any defense or counterclaim, a motion for summary judgment must be denied, even though that defense or counterclaim may have been imperfectly pleaded in the answer, for an amendment of the pleading could be had at the trial or sooner." With such contention the respondent there was in accord, and in his brief in the Court of Appeals stated: " Of course, it is not contended that in granting a motion for summary judgment the defendants' affidavits may be disregarded. Our contention is that the affidavits in this case add nothing to the defenses as pleaded. The defenses stated in the answer are insufficient in law, and the counterclaim fails to state a cause of action. The affidavits submitted by the defendants add nothing but details, and the facts which they assert do not repair the legal insufficiency of the defenses and counterclaim."

It would seem that with the parties thus in agreement upon the principle involved, this court and the Court of Appeals decided that upon all the facts appearing, the defendants on the former appeal had no defense and no cause of action. It was the contention of the appellants in the Court of Appeals that this court had " ignored the facts set forth in the defendants' affidavit." We think this court gave the defendants full benefit of any facts contained in their opposing affidavits. The Court of Appeals took into consideration all the facts set forth by the appellants in their affidavits, and unanimously affirmed the opinion of this court. On their motion in the Court of Appeals for permission to amend, the appellants' present counsel insisted, as he does now, that the decision of the Appellate Division was simply one on the pleadings, and that the appellants should be granted leave to amend. The Court of Appeals denied such application and thus clearly indicated

that that court regarded the decision as an adjudication upon the merits and not dependent solely upon the form of the pleadings.

We do not think the allegation contained in the present complaint, that the decedent " wrongfully and fraudulently concealed " the moneys withdrawn by him, was sufficient.

" It is a well-settled rule of pleading in a case of fraud that the mere allegation of fraud is not enough, but the facts and circumstances showing the fraud should be alleged." (*Steiner* v. *American Alcohol Co., Inc.*, 181 App. Div. 309.)

In the course of the opinion in this court the law was stated as follows: " No suit at law or equity arises with respect to partnership transactions after an agreement for purchase by one partner of another partner's interest." The opinion then states: " No allegations of fraud or duress are found in the defense or counterclaim." It was evidently for the purpose of meeting such statement that the added words, to the effect that the withdrawals were wrongfully and fraudulently concealed by Schiff, were set forth in the complaint in the present action. The decisions of the courts amply support the statement that no suit at law or equity arises with respect to partnership transactions after an agreement for purchase by one partner of another partner's interest, in the absence of fraud or mutual mistake. (*Baldwin* v. *Bald*, 48 N. Y. 673; *Stettheimer* v. *Killip*, 75 id. 282; *McKenna* v. *Bolger*, 49 Hun, 259; affd., 117 N. Y. 651; *Kelly* v. *Buck*, 143 App. Div. 546; *Rosenblum* v. *Rosner*, 209 id. 93.) Fraud, of course, will vitiate any agreement, but here there are no sufficient facts showing fraud alleged. We are of the opinion that the form of plaintiffs' action is of no consequence whatever. The plaintiffs now insist that the present action is entirely different from the defense and counterclaim alleged in the prior action, and that at the present time the plaintiffs are suing in *assumpsit* for money had and received; that the prior defense was in tort for conversion, whereas the present cause of action is on the *quasi* contract by way of *assumpsit* for money had and received. The plaintiffs seem to contend that while two pleadings may set forth the same facts, one may be held bad and the other good according to the style of the action stated. Under the Civil Practice Act, section 8, as under the prior Code of Civil Procedure, section 3339, and the preceding Code of Procedure, section 69, there is only one form of civil action, and the distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished. (See, also, Civ. Prac. Act, § 241; Code Civ. Proc. § 518; Code Proc. § 140.)

" These sections of the Code, and others, which need not be specifically referred to, clearly evince the legislative intent to strip

our modern procedure of the cumbrous forms and distinctions which made the practice under the common law and the earlier statutes so burdensome in its details and so uncertain in its results." (*Hahl* v. *Sugo*, 169 N. Y. 109, 113.)

" There is only one form of civil action. The distinction between actions at law and suits in equity and the forms of those actions have been abolished. (Code Civ. Proc. § 3339.) *All that a plaintiff has to do in any case is to set forth in his complaint a clear, concise and unequivocal statement of the facts constituting his cause of action, and a demand of the judgment to which he supposes himself entitled.* (Code Civ. Proc. § 481.) " (Italics are the writer's.) (*Sadlier* v. *City of New York*, 185 N. Y. 408, 414.)

In view of the denial of the Court of Appeals to permit amendment of the answer in the prior appeal, we think no amendment of the complaint should be permitted in the present action.

The order appealed from should be modified by striking out the leave to plaintiffs to amend their complaint, and as so modified affirmed, with costs to defendants, respondents, appellants, against plaintiffs, appellants, respondents.

FINCH, P. J., and MARTIN, J., concur; O'MALLEY and UNTERMYER, JJ., concur in result.

Order modified by striking out the leave to the plaintiffs to amend their complaint, and as so modified affirmed, with twenty dollars costs and disbursements to the defendants against the plaintiffs.