WILLIAM A. SLATER et al., as Trustees under the Will of WILLIAM A. SLATER, Deceased, Respondents, v. GULF, MOBILE AND OHIO RAILROAD COMPANY et al., Appellants.

Argued May 18, 1954; decided July 14, 1954.

*Edward K. Hanlon* and *Milton Weiss* for Gulf, Mobile and Ohio Railroad Company, appellant.

*William R. Meagher, Theodore Kiendl* and *Samuel J. Murray* for Chicago, Burlington & Quincy Railroad Company, appellant. I. Since the theory of the second count in Action No. 1 is the same as the theory of Action No. 2, the summary judgment dismissing the complaint in Action No. 1 renders the complaint in Action No. 2 *res judicata*. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Werring* v. *Selig*, 241 App. Div. 67, 266 N. Y. 566.) II. Assuming that the second count in Action No. 1 is different from the cause of action asserted in Action No. 2, the finding of fact made in Action No. 1 that the defendants have not been unjustly enriched renders the complaint in Action No. 2 *res judicata*. There may be no restitution in the absence of unjust enrichment. (*Schank* v. *Schuchman*, 212 N. Y. 352; *Atlantic Coast Line* v. *Florida*, 295 U. S. 301; *Stone* v. *White*, 301 U. S. 532; *Milman* v. *Denniston*, 271 App. Div. 988, 271 App. Div. 1024, 297 N. Y. 1038; *Weiss* v. *Johnson*, 206 F. 2d 350; *Smith* v. *Kirkpatrick*, 305 N. Y. 66; *Pagano* v. *Arnstein*, 292 N. Y. 326; *Elna Realty Co.* v. *Mamaquarro Apts. Corp.*, 234 App. Div. 105; *Case* v. *Hardenbrook*, 238 App. Div. 169.)

*Watson Washburn* and *William P. Jones* for respondents. I. The discretionary withholding of permission to amend the former complaint did not enlarge the question decided. (*Lam-*

*phere* v. *Lang,* 213 N. Y. 585; *Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112; *Werring* v. *Selig,* 241 App. Div. 67, 266 N. Y. 566; *Brenner* v. *Title Guar. & Trust Co.,* 276 N. Y. 230.) II. The present individual action for restitution is not barred by the prior dismissal of a class action for unjust enrichment. (*Pagano* v. *Arnstein,* 292 N. Y. 326; *Elna Realty Co.* v. *Mamaquarro Apts. Co.,* 234 App. Div. 105; *Case* v. *Hardenbrook,* 238 App. Div. 169; *Phillips* v. *Conklin,* 58 N. Y. 682; *Johnson* v. *Brooks,* 93 N. Y. 337.)

FROESSEL, J. By our affirmance of the Appellate Division in the previous action (*Slater* v. *Gulf, Mobile & Ohio R. R. Co.,* 304 N. Y. 636, affg. 279 App. Div. 166), we agreed that the letters of May 25, 1945, did not constitute a contract, and that there was no factual basis for the second cause of action either on the theory of fraud or unjust enrichment. Our determination was not based upon any alleged technical defect in pleading, nor upon a failure to make a formal demand for relief impossible to grant in any event, but rather upon the merits, which were fully argued before us. There being no factual basis for unjust enrichment, there is no basis for restitution (*Milman* v. *Denniston,* 271 App. Div. 988, motion for leave to appeal denied 297 N. Y. 1038; *Schank* v. *Schuchman,* 212 N. Y. 352; *Stone* v. *White,* 301 U. S. 532; *Atlantic Coast Line* v. *Florida,* 295 U. S. 301, 309; Restatement, Restitution, § 1).

In our opinion, the complaint at bar presents no new issues, and, as the parties to this action were parties to Action No. 1, the complaint cannot survive the motion to dismiss upon the ground that the prior judgment is *res judicata* (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Werring* v. *Selig,* 241 App. Div. 67, affd. 266 N. Y. 566).

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the complaint dismissed. The question certified should be answered in the affirmative.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur.

Order reversed, etc.