Max Phillips, Appellant, v. West Rockaway Land. Company and Belle Harbor Edgemere Realty Company, Inc., Respondents.

Second Department, March 16, 1917.

Real property — suit in equity for reformation of deed so as to include easements — authority of broker to confer easements on purchaser not granted by contract.

Where in a suit to reform a deed it appears that the plaintiff desired and believed that he was securing lots fronting on the ocean; that he told the broker that he wanted such property and the broker replied that the lots in question were the nearest. the ocean for sale, and that there would be nothing in front of them but a board walk development; that the plaintiff bought the lots and built a house thereon at a cost of several thousand dollars; that the deed granted to plaintiff no easements over the land lying between his lots and the ocean; that at the time of the purchase he had before him a map on which were printed the words " All right, title and interest in and to the beach front reserved to the West Rockaway Land Co.; " that subsequently the project for the board walk was abandoned and the intervening land sold with practically unrestricted use, and that there were no fraudulent representations made to the plaintiff, he is not entitled to a decree granting him an easement over the land lying between his lots and the ocean.

A broker selling real property has no authority to make representations which confer easements on a purchaser not granted by the contract.

APPEAL by the plaintiff, Max Phillips, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 28th day of July, 1916, upon the decision of the court after a trial at the Queens County Special Term. (See 175 App. Div. 949; 177 id. 930.)

Benjamin Reass [Max Leff with him on the brief], for the appellant.

Grant C. Fox [H. Gordon Pierce with him on the brief], for the respondents.

Judgment affirmed, with costs, on the opinion of Mr. Justice Blackmar at Special Term.

Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

The following is the opinion delivered at Special Term:

BLACKMAR, J.:

The plaintiff fully believed that he was securing lots fronting on the ocean. The physical conditions existing at the time he bought indicated that his lots had an ocean front. At that point the pavement, curbing and sidewalks of Southampton avenue ended, and between it and the ocean, about 150 feet distant at high water, there was nothing but beach sand. He told Mr. May, the broker, that he wanted ocean front property and would consider nothing else. Mr. May told him that these were the lots nearest the ocean for sale and there would be nothing in front of them but a board walk development like that of Atlantic City. In this belief the plaintiff bought the lots and built a house thereon fronting the ocean at a cost of about $8,000. At that time the defendants were entertaining a project of building a board walk along the ocean front and were reserving a strip of land along the ocean for that purpose. Mr. May knew this and acted in good faith in the representation he made to plaintiff. Neither the contract which plaintiff signed nor the deed given pursuant to it granted to plaintiff any easement over the land lying between him and the ocean. At the time he purchased he had before him a map on which were printed the words: " All right, title and interest in and to the beach front reserved to the West Rockaway Land Co." In the summer of 1915 the defendant, abandoning the project of the board walk, began to sell the lands fronting on the ocean, including all the right which they had in the shore exterior to the lands sold. The result was that several lots were sold between plaintiff's and the ocean, practically unrestricted as to use. Under these circumstances I think the plaintiff is not entitled to the relief which he claims. There were no fraudulent representations made to him. The broker, Mr. May, had no intention of deceiving him, and no one else made any representations whatever. He knew or should have known that he was not buying property abutting on the ocean, for the map shown him stated that the beach front was reserved to the company, and he was told that there was to be a board walk between him and the ocean. The situation did as much to mislead him as what was said and I think more, for the three lots appeared very near the breakers, and at that point the

street apparently ended. Taking the words of the contract regarding a board walk in connection with the map, which contained the words above quoted, I cannot find any representation that the land between him and the ocean was dedicated to the purpose of a board walk, and I do not understand that a broker selling real property has authority to make representations which confer easements on a purchaser not granted by the contract. Certainly no officer of the defendant was concerned in anything that deceived the plaintiff, and if the broker, without the knowledge of the defendant, unwittingly misled the plaintiff, it cannot be followed by the consequence of imposing a restriction on the use of other property owned by defendant. Findings signed. Plaintiff's and defendants' requests passed on. Submit judgment.