MAX PHILLIPS, Respondent, *v.* WEST ROCKAWAY LAND COMPANY and BELLE HARBOR EDGEMERE REALTY COMPANY, INC., Appellants.

Second Department, November 10, 1922.

Abatement and revival — action to reform deed so as to include perpetual easement in beach fronting plaintiff's property — prior to second trial plaintiff sold property including any easement and agreed to prosecute present action to completion — under Civil Practice Act, § 83, and covenant in deed plaintiff had right to maintain action after parting with title.

An action to reform a deed so as to include therein a perpetual easement in beach property lying between the plaintiff's property and the shore did not abate when the plaintiff, prior to the second trial of the action, sold his property, with

all rights, if any, to the perpetual easement, and he had the right to continue the prosecution of the action by virtue of section 83 of the Civil Practice Act and under a covenant in the deed whereby it was agreed between the plaintiff and his grantee that he would prosecute the present action to final judgment at his own cost and expense.

APPEAL by the defendants, West Rockaway Land Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 6th day of June, 1921, upon the decision of the court rendered after a trial at the Queens Special Term.

The judgment reformed a deed so as to include therein a provision for a perpetual easement in favor of the plaintiff's premises in the adjoining beach front, which at the date of said deed belonged to the defendants, and also required the defendants to maintain said beach front as a highway or public place, allowing development only along the lines of the shore development at Atlantic City, N. J.

*Grant C. Fox* [*Joseph A. Byrne* with him on the brief], for the appellants.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the respondent.

JAYCOX, J.:

This action has been twice tried. Upon the first trial it was decided in favor of the defendants and the judgment entered upon such decision was affirmed by this court (177 App. Div. 260) and an appeal taken to the Court of Appeals. That court held that upon the facts as found the conclusions of law were erroneous, and directed a new trial of the action. (226 N. Y. 507.) All the facts found upon the first trial have also been found upon the second trial, and in addition, some additional facts have been found upon the second trial. The findings of fact having been approved by this court upon the former appeal, and the evidence upon the second trial being practically the same, I deem it unnecessary to discuss those facts or to make but the briefest possible statement thereof.

The plaintiff desired to purchase some ocean front property. He informed the defendants' agent that he was interested in no other kind of property. The property which the plaintiff subsequently purchased was pointed out to him as ocean front property. With this understanding a contract was made by the plaintiff to purchase the property and subsequently a deed in pursuance to such contract was delivered to plaintiff and plaintiff paid the purchase money therefor. Thereafter he erected a dwelling house upon

the premises. In addition to stating that the premises were ocean front property, the defendants stated that nothing would be between him and the ocean except a development along the lines of Atlantic City. The street and sidewalk terminated at the line of the plaintiff's property nearest the shore. Upon a map shown him his lots were delineated as nearest to the ocean. The facts found upon this trial being practically the same as the facts found upon the previous trial and the Court of Appeals having indicated that upon those facts the plaintiff was entitled to the relief prayed for (*Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507), there is no need to discuss either the facts or the law involved in those primary propositions.

There is, however, one question in the case which is new. Prior to the last trial of this action the plaintiff conveyed the premises in question to one Margaret D. Wilkin. This deed conveys the entire premises and also " all the right, of the party of the first part, if any, to a permanent open and continuous service or easement to which the land lying immediately to the south of the herein described premises may be subject to high water mark, save only to the right of the owner in fee simple of said property to erect a board walk thereon, as determined by the Court of Appeals (*Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507) and which action Max Phillips, one of the parties of the first part covenants and agrees with the party of the second part to prosecute to final judgment and to appeal and respond to appeals until said action be finally determined, all at his own cost or expense, and without any cost or expense whatsoever to the said party of the second part."

The defendants claim that as the plaintiff has parted with the title to the land in question he has also parted with all right to equitable relief and that he is not entitled to further prosecute this action. No case clearly in point has been cited by either party and I have been unable to find any. The defendants have cited a number of elevated railway cases which hold that where pending the trial of an action the plaintiff disposes of the premises to which the easements of light, air and access interfered with by the construction of the railroad appertain, the plaintiff was no longer entitled to maintain an action for injunctive relief. The plaintiff, on the other hand, cites section 83 of the Civil Practice Act, which reads as follows: " In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires," as supporting his contention that he still has the right to prosecute this action. The section in question was formerly section 756 of

the Code of Civil Procedure. The plaintiff also cites cases which he claims support his contention. I find very little in any of these cases which supports the plaintiff's claim in that regard. A literal reading of these cases would seem to indicate that the plaintiff, having disposed of the premises constituting the dominant estate, is not entitled to prosecute this action. The section of the Civil Practice Act above quoted, however, clearly gives this right, and the elevated railway cases I think can be distinguished from a case of this character. From the very earliest elevated railway case the practice has been to grant injunctive relief with an alternate provision permitting the defendant to pay the plaintiff the value of the easements and to take a release of such easements. It was, therefore, necessary in an action of that character that the person holding the legal title — the owner by whom the release should be granted — should be a party to the action and bound by the judgment therein. I think this conclusion is supported by the reasoning in some of the elevated railway cases. In *Pegram* v. *Elevated R. R. Co.* (147 N. Y. 135), which seems to have been one of the most thoroughly argued and best considered of these decisions, the court, after calling attention to the absence of the grantee as a party and stating that such grantee would not be bound by the result, said (pp. 147, 148): " The defendants, clearly, are entitled to have the holder of the legal title to the abutting property bound by a decree which permits them, as a condition of being relieved from the injunction, to acquire the legal right of maintenance and operation by the payment of the sum of money fixed by the court as the due compensation to be made. If the plaintiffs had brought in Schortemeier as a party defendant in the action, the court would have been in a position to adjust the equities and rights of all the parties and to render a complete decree, which would have been binding upon each. The equities created or arising between the plaintiffs and Schortemeier, through the reservation in the deed, can only be effectively adjusted by his presence as a party to an action which had that as one of its objects." This case clearly indicates the reason for holding that in those cases injunctive relief could not be granted to a plaintiff who had parted with the legal title to the property. It may be safely said that the general rule is that in actions of that character the plaintiff cannot maintain an action for equitable relief after having made a conveyance, and this general rule is stated in many of the opinions. The last in which I find it is in *Drucker* v. *Manhattan Railway Co.* (213 N. Y. 543), where in an opinion by Judge MILLER (at p. 550) we find the statement that the grantor cannot maintain a suit to enjoin trespass after he has parted with the land, citing *Pegram* v.

*Elevated R. R. Co. (supra)*, from which I have just quoted. This, I think, indicates that that general rule is limited to cases of that particular character.

There is also another distinction between those cases and the case at bar. In the elevated railroad cases the actions were brought to restrain an interference with the property in which the plaintiff no longer had an interest. Therefore, it was no concern of his whether further trespasses occurred or not. In this case the relief sought is broader and the situation of the parties is different. The plaintiff seeks to compel the defendants to reform a contract and deed which they, by false and fraudulent representations — or at least by misrepresentations — induced the plaintiff to enter into and accept. It is true that the plaintiff will derive no direct benefit from the injunctive relief granted in this action, but I think it is also true that he is entitled to have the contract and deed reformed so as to set forth the real agreement made between the parties. When a plaintiff assigns a chose in action, he can still maintain an action thereon under section 83 of the Civil Practice Act notwithstanding that he will derive no direct benefit therefrom. The plaintiff in this case also proceeds under the covenant of the deed made by him wherein he agrees to prosecute this action. If the plaintiff has any interest in the result of the action, he is still entitled to maintain it though some other person may also have an interest therein, and I think that under the covenant above quoted he has sufficient interest to enable him to maintain the action. In the elevated railway cases very few references are made to section 756 of the Code of Civil Procedure, and I think that in all of those cases except one, where that section is mentioned, it is held that it did not authorize the continuance of an action for injunctive relief where the plaintiff had parted with the title to the property. In one case, however, *McGean v. M. E. R. Co.* (133 N. Y. 9), Judge MAYNARD, in writing the opinion of the court, said that section 756 of the Code of Civil Procedure would permit the continuance of such an action even after the plaintiff had parted with the title to the property involved. The reasoning upon the subject is quite convincing, but the decision of the court is ultimately based upon other grounds. Notwithstanding this, I think that the opinion strongly supports the conclusion that such an action, by virtue of section 83 of the Civil Practice Act (the successor of section 756 of the Code of Civil Procedure) may be continued by the original plaintiff notwithstanding the fact that he has parted with the premises which are to be benefited by the action. In any event, under the covenant contained in the plaintiff's deed the plaintiff should be permitted to continue this action to a final judgment. The

defendant, if entitled to any relief by reason of the plaintiff's conveyance, was entitled only to have the grantee joined as a party to the litigation.   (Civ. Prac. Act, § 83.)

I advise an affirmance of the judgment, with costs.

Present — BLACKMAR, P. J., JAYCOX, MANNING, KELBY and YOUNG, JJ.

Judgment unanimously affirmed, with costs.