JAMES G. COMERFORD, Plaintiff, Impleaded with GEORGE H. SANDS, Respondent, v. FAHY MARKET, Appellant.

Fourth Department, March 7, 1923.

Pleadings — action by individuals as copartners to recover balance due on sale of meat — sale was made by one of partners after partnership dissolved — no dispute as to amount due — court had power under Civil Practice Act, §§ 105, 192 and 209 to disregard mistake and direct judgment for plaintiff.

In an action commenced in the name of individuals as copartners to recover the balance due on the sale of meat, in which it was stipulated that the sale was made by one of the individuals after the partnership was dissolved, and in which there was no dispute as to the amount due, the court had power under sections 105, 192 and 209 of the Civil Practice Act to disregard the mistake and to direct judgment for the plaintiff who sold the meat.

APPEAL by the defendant, Fahy Market, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Monroe on the 15th day of November, 1922, upon the decision of the court rendered after a trial at the Monroe Trial Term, the jury having been discharged by consent at the close of the case.

*James M. E. O'Grady,* for the appellant.

*Forsyth & Forsyth* [*George D. Forsyth* of counsel], for the respondent.

HUBBS, P. J.:

The complaint alleges that the plaintiffs were copartners, doing business under the name of Gates Packing Company; that they sold and delivered meat to the defendant for which it promised to pay; and that there remained due and unpaid the sum of $2,525.73.

Upon the trial it was stipulated that the partnership had been dissolved before the meat in question was sold to the defendant. It was also stipulated that the plaintiff Sands sold meat to the defendant to the value of $2,249.86 and that such amount remained unpaid. The plaintiff rested upon the concession as to the amount unpaid.

At the close of the case it appeared without dispute that the plaintiff Sands sold to the defendant meat to the value of $2,249.86; that the defendant had never paid therefor; and that at the time the meat was sold Comerford and Sands, named in the summons and complaint as plaintiffs, were not copartners. The only real question at that time was the question of costs. The defendant moved to dismiss the complaint; which motion was denied, and judgment was directed for the plaintiff Sands.

If the defendant was entitled to have the complaint dismissed, with costs, it was simply because the plaintiff's attorney by mistake had joined Comerford as a plaintiff. Under the circumstances of this case it seems to me that the trial court was clearly right in ordering judgment for the plaintiff Sands. If it was not, then the Civil Practice Act, in this respect at least, has failed to meet the expectations of the members of the bench and bar. One of the primary purposes of that act was to enable courts to disregard technical errors and mistakes in pleading. It seems to me that the provisions of that act (§§ 105, 192, 209, 1569) are broad enough to cover the situation developed upon the trial and to permit the trial court to direct judgment for the plaintiff Sands.

There was no substitution of parties plaintiff in this case and the authorities cited on that proposition are not applicable. If the complaint had alleged that the Gates Packing Company was a corporation and the plaintiff had moved to substitute the name of an individual as plaintiff, it would have been a substitution of a different party as plaintiff.

It seems to me that in this action the situation is exactly as it would have been if the complaint had not alleged a copartnership but had alleged that Sands and Comerford owned the meat in question and sold it to the defendant and it had appeared upon the trial that they did not own the meat and did not sell it to defendant, but that Sands owned it and sold it to the defendant and that Comerford's name had been included in the summons and complaint by mistake. Under such circumstances, the trial court would have had authority, before the adoption of the Civil Practice Act, to have struck out the name of Comerford as a plaintiff and to have directed judgment for the plaintiff Sands. (*Fink* v. *Manhattan R. Co.,* 29 N. Y. St. Repr. 153; *Davis* v. *Schermerhorn,* 5 How.

Pr. 440; *Palmer* v. *Davis*, 28 N. Y. 242; *Lapham* v. *Rice*, 55 id. 472.) The allegation in the complaint that Comerford and Sands were copartners was unnecessary. (*Loper & Davis* v. *Welch*, 3 Duer, 644; Abb. Tr. Ev. [2d ed.] 253; Mechem's Elements of Partnership [1899 ed.], § 225.)

There is no pretense here that the defendant had a counterclaim against Sands. In fact, the admission upon the trial precludes any such pretense.

It seems to me that the action of the trial court was justified and that it had authority, in granting the plaintiff Sands the relief which he asked, to impose as a condition the terms which were imposed in regard to the costs of the action.

The judgment appealed from should be affirmed, with ten dollars costs and disbursements.

All concur.

Judgment affirmed, with costs.