LILLIAN M. DUNLOP, as Executrix, etc., of GEORGE M. DUNLOP, Deceased, and Others, Respondents, *v.* SWEET BROTHERS PAPER MANUFACTURING COMPANY, INC., Appellant, Impleaded with SMITH MURGITTROYD and Others, Defendants.

Fourth Department, January 7, 1925.

Equity — action to·restrain defendants from developing water power on river in which plaintiffs had water rights and to determine water rights — during pendency of action three of plaintiffs sold interest without reservation to corporation — corporation gave mortgage to trustee to secure bonds — said plaintiffs guaranteed title to corporation and mortgage bondholders — said corporation and mortgage trustee properly brought in as plaintiffs — Special Term had power under Civil Practice Act, §§ 83, 192 and 193, to bring in said parties — said new parties appeared on motion and defendants alleged transfer to them — supplemental summons and complaint not required — action will proceed without prejudice to prior proceedings — proper to retain plaintiffs who sold interest.

In an action to restrain the defendants from developing water power on the Oswego river, in which river the plaintiffs had water power rights, and to determine the water rights of the respective parties, in which it appears that after the commencement of the action three of the original plaintiffs sold their rights without reservation to a corporation which subsequently mortgaged the water rights, thus acquired, to secure bonds, the purchaser and the mortgage trustee were properly brought in as plaintiffs on a motion joined in by a plaintiff who had not parted with its interest, and the Special Term had the power to make the order under sections 83, 192 and 193 of the Civil Practice Act.

A court of equity having acquired jurisdiction of the parties in the action should retain it in such manner as to award relief to all parties having an interest in

the subject of the action, which will be adequate and final and adapted to the situation at the time of the entry of the judgment, and, therefore, it was necessary, in order that the judgment in this action may be made final and binding upon all parties having an interest in the subject thereof, that the grantee of three of the original plaintiffs and the mortgage trustee should be brought in.

The grantee and the mortgage trustee having appeared, on the motion to make them parties plaintiff, and the defendant having alleged the transfer by the three original plaintiffs, it was unnecessary to serve a supplemental summons and complaint.

It was proper for the court to direct that, after the new plaintiffs were brought in, the action should proceed without prejudice to proceedings already had.

The original plaintiffs who sold their interests without reservation were properly retained as plaintiffs, since it appears that they personally guaranteed to the corporation and to the purchasers of the mortgage bonds that they owned a good and marketable title to the real estate and water rights, free and clear of all liens and incumbrances, which they purported to convey.

APPEAL by the defendant, Sweet Brothers Paper Manufacturing Company, Inc., from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oswego on the 17th day of June, 1924, permitting plaintiffs to bring in certain additional parties to this action.

*Charles D. Newton* [*Nortrup R. Holmes* of counsel], for the appellant.

*William A. Mackenzie* [*Basil B. Aylesworth* and *Edmund H. Lewis* of counsel], for the respondents.

TAYLOR, J.:

The original plaintiffs and defendants owned valuable water rights on the east bank of the Oswego river at the village of Phœnix, N. Y. The defendant Sweet Brothers Paper Manufacturing Company, Inc. (hereinafter referred to as Sweet Brothers), was about to undertake an increased development of its water power. The plaintiffs commenced this action to restrain said defendant from carrying out such proposed development and the complaint also demands judgment that the water rights of the various parties to the action be fixed, adjudged and determined. The complaint does not demand money damages. The answer of each defendant also demands judgment that the water rights of the various parties be finally determined and adjusted.

The action was referred to an official referee, who, after a long trial, filed his report and findings, also a supplemental report and findings. Thereafter a judgment was entered upon such reports. The original plaintiffs, George M. Dunlop, John D. Dunlop and Beveridge C. Dunlop, constituted a copartnership doing business

Dunlop *v.* Sweet Brothers Paper Manfg. Co., Inc.    365

App. Div. 363]        Fourth Department, January, 1925.

under the firm name of Jno. Dunlop's Sons. During the pendency of the action, without the knowledge of the plaintiffs' attorneys, said plaintiffs deeded and transferred without reservation their title to the water rights and real estate, which they owned at the commencement of this action, to a corporation formed by them and known as Jno. Dunlop's Sons, Inc. The corporation thereafter gave a mortgage upon said real estate and water rights to the Seaboard National Bank of the city of New York, as trustee to secure the payment of $1,000,000 in bonds. Thereafter the defendant Sweet Brothers made a motion to set aside the judgment entered upon the report of the official referee. The motion was granted and the case was referred back to the official referee to take further evidence and to make findings upon three specific questions. Thereafter the said defendant, Sweet Brothers, moved at Special Term for permission to serve an " addition " to its amended answer and set up the transfer from the Dunlops to the corporation and the mortgage to the Seaboard National Bank, and to allege that said Dunlops were no longer interested in the subject of the action. Said motion was granted. The plaintiffs moved at the same time for permission to amend the summons and complaint and bring in as parties plaintiff Jno. Dunlop's Sons, Inc., the Seaboard National Bank and Lillian M. Dunlop, as executrix of the last will and testament of George M. Dunlop, deceased, he having died during the pendency of the action. The motion was granted. The order provided: " This order is granted without prejudice to proceedings already had in this action, and that all pleadings and proceedings had in this action be amended accordingly." Various other proceedings were had which it is unnecessary to recite. The action now stands referred back to the official referee to take further evidence and make new findings upon three specific questions: Jno. Dunlop's Sons, Inc., the Seaboard National Bank and Lillian M. Dunlop, as executrix of the last will and testament of George M. Dunlop, deceased, are now new parties plaintiff; and John D. Dunlop and Beveridge C. Dunlop are retained as parties plaintiff, although they have sold their interest in the property in question.

This appeal is from the order permitting said new parties plaintiff to be brought in and amending the summons and pleadings accordingly without prejudice to the proceedings already had.

It is urged with great earnestness by the learned counsel for the appellant that such order was not justified under the facts in the case. The motion was joined in by Senoso Paper Company, Inc., one of the original plaintiffs. It has not transferred any part of its property involved in this action. It is urged that the

moving party, the Senoso Paper Company, Inc., was guilty of laches and for that reason the motion should have been denied.

It appears that said plaintiff did not know that its said coplaintiffs had transferred their interest in the subject of the action until the defendant Sweet Brothers made the motion for permission to serve an " addition " to its amended answer setting up such fact. Under such circumstances it cannot be held as a matter of law that the moving plaintiff, Senoso Paper Company, Inc., was barred by its laches.

This is an action in equity and the complaint in addition to the demand for an adjudication of the water rights of the various parties, demands injunctive relief against the defendant Sweet Brothers.

It is urged by the appellant that the plaintiffs, who sold and transferred without reservations their interest in the real estate and water rights in question, are not necessary or proper parties to this action, no money damages being demanded in the complaint. It was stated in *Stokes* v. *Manhattan Railway Co.* (47 App. Div. 58): " The owner of the premises, as long as he retains the title, has an interest in restraining the trespass which affects the value of his property. He has also a right to bring an action for the damages he has sustained by reason of these trespasses. The right of action for an injunction is an incident of the ownership of the property. The right of action for damages is personal to the owner and still remains with him after he has disposed of the property; and when he has ceased to be the owner it is all there is left of his cause of action, for as he has no further interest in the premises he has no right to ask for an injunction."

It is urged that this case falls within that principle and that said plaintiffs, by their own acts, deprived themselves of the right to injunctive relief; that they no longer have any interest in the premises and water rights in question; that they now have no rights in the property which the defendants can injure and that there are, therefore, no rights which an injunction can protect. Many cases are cited which state the principle relied upon by the appellant. (*McGean* v. *Metropolitan E. R. Co.*, 133 N. Y. 9; *Pegram* v. *Elevated R. Co.*, 147 id. 135; *Drucker* v. *Manhattan R. Co.*, 213 id. 543.)

The rule has been often laid down in the exercise of discretion at Special Term in elevated railway cases that a plaintiff cannot successfully continue an equitable action for an injunction after he has conveyed the premises without reservation; furthermore, that under such circumstances, the grantee of the premises should not be brought in as a party plaintiff on motion. And this exercise of discretion has been affirmed on appeal. (*Pope* v. *Manhattan Railway*

*Company,* 79 App. Div. 583; *Welde* v. *N. Y. C. & H. R. R. Co.,* 108 id. 286; *Israel* v. *Metropolitan Elev. R. Co.,* 58 id. 266.)

There are, however, statements in opinions to the effect that in such a case it is proper to bring in the grantee as a party plaintiff upon motion. (*Mooney* v. *N. Y. Elev. R. R. Co.,* 163 N. Y. 242; *Koehler* v. *N. Y. El. R. R. Co.,* 159 id. 218; *Pegram* v. *Elevated R. Co.,* 147 id. 135.) It is a matter resting in the discretion of the court.

In all of the cases called to our attention upon this question, it appears that the entire interest of all the plaintiffs in the property in question had been transferred. We are not required to determine what the effect would have been in this case if all of the plaintiffs had transferred their interests in the property, as the motion in this case was joined in by a plaintiff who had not parted with its interest. No reason appears why the plaintiff Senoso Paper Company cannot continue the action to a final determination. Its rights cannot be affected by the independent action of its joint plaintiffs. It cannot be deprived of its rights by such act. Had the order not been made bringing in the grantee of the Dunlops as a party plaintiff, and it should appear, upon the trial before the official referee of the new questions to be passed upon, that the plaintiffs Dunlop had ceased to have an interest in the cause of action, the trial would have to be continued as though they had not parted with their interest in the property, unless their grantee should then be brought into the action. (*McGean* v. *Metropolitan E. R. Co.,* supra, 14; *Comerford* v. *Fahy Market,* 204 App. Div. 533.) It was proper to bring in as parties said grantee and mortgage trustee, in order that a complete determination of the water rights in question may be obtained.

A court of equity, having acquired jurisdiction, should retain it in such manner as to award relief to all parties having an interest in the subject of the action, which will be adequate and final and adapted to the situation at the time of the entry of judgment. (*Koehler* v. *N. Y. El. R. R. Co.,* 159 N. Y. 218.) In order that the judgment in this action may be made final and binding upon all parties having an interest in the subject thereof, it is desirable to have the grantee of the Dunlops and the mortgage trustee brought in as parties. It makes no difference whether they are made parties plaintiff or defendant. (*Simson* v. *Satterlee,* 64 N. Y. 657; *Corporate Investment Co.* v. *Gracehull Realty Co.,* 157 App. Div. 259; *Freese* v. *Avery,* 57 id. 633.) We think there is no question but what the Special Term had jurisdiction, under sections 83, 192 and 193 of the Civil Practice Act, to make an order bringing in such grantee and trustee as parties.

There was no necessity for providing in the order that a supplemental summons and complaint be served as the new parties were represented upon the hearing of the motion and voluntarily appeared in the action and asked to be made parties therein. The "addition" to the amended answer alleges that the said plaintiffs transferred their interest to the new corporation, Jno. Dunlop's Sons, Inc., and that said corporation gave a mortgage to the Seaboard National Bank, so there is no issue upon that question. The new parties do not assert any new claim. They have merely succeeded to the rights which their grantors had in the subject of the action. Their appearance in the action does not change the situation in any way, except that it will make the judgment when granted binding upon them. The action will proceed as though the new plaintiffs had been original plaintiffs; they are bound by everything that has been done. It was proper, therefore, to insert in the order the provision "without prejudice to proceedings already had."

We think it was also proper to retain as parties plaintiff John D. Dunlop and Beveridge C. Dunlop. It is true that they have transferred by deed their interest in the property in question; but it appears without dispute that they and George M. Dunlop personally and individually guaranteed in writing to the purchasers of bonds to the value of $1,000,000 issued by Jno. Dunlop's Sons, Inc., that the partnership of John Dunlop's Sons, of which partnership they were the sole members, owned a good and marketable title to the real estate and water rights, alleged in the complaint to be owned by said partnership, free and clear of any and all liens and incumbrances They also made the same guaranty to Jno. Dunlop's Sons, Inc. Such guaranties made them proper parties to this action, and they were properly continued as such. For the same reason the executrix of George M. Dunlop, deceased, is a proper party. (Civ. Prac. Act, §§ 83, 193; *Harley* v. *Plant*, 210 N. Y. 405, 409; *Phillips* v. *West Rockaway Land Co.*, 203 App. Div. 202; 1 Pom. Eq. Juris. [4th ed.] § 114.)

The order should be affirmed, with ten dollars costs and disbursements.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.