JAMES N. BUTTERLY, Respondent, v. MARIBERT REALTY COR-
PORATION and Others, Appellants.*

First Department, February 11, 1932.

*Charles J. Nehrbas* of counsel [*Moses, Nehrbas & Tyler*, attor-
neys], for the appellants.

*Alvin C. Cass* of counsel [*Edward D. Dowling* and *Jacques W.
Bacal* with him on the brief; *Dowling & Cass*, attorneys], for the
respondent.

McAvoy, J. Plaintiff has recovered a judgment relieving him
from payment of a deficiency judgment found against him after a
default in pleading in a foreclosure suit and defendant corporation
Maribert Realty Corporation has been directed to assign the judg-
ment to defendant Northern Terminal Corporation of New York
which latter corporation is directed to satisfy the judgment, and
a money award of $10,000 is made for the reasonable value of
services of counsel in the endeavors of plaintiff to cancel the judg-
ment for the deficiency.

We do not think this judgment can stand.

The history of the relations of the parties as outlined in the
complaint is as follows:

The plaintiff and one Greene conveyed to the defendant Northern
Terminal Corporation of New York certain property which was

---

* Revg. 139 Misc. 322.

subject to certain mortgages, which mortgages the corporation assumed and agreed to pay, and which are the mortgages foreclosed in a suit entitled English v. Carnival Palace Corporation, in which the deficiency judgment against plaintiff was recovered. At various times the Northern Terminal Corporation of New York it is asserted collected sufficient amounts to pay off the mortgages, but neglected to satisfy them. Plaintiff asserts that English, Heaney and Shaw, the plaintiffs in the foreclosure action (defendants in this action), held the mortgages only as trustees for the Northern Terminal Corporation of New York and that the defendant Maribert Realty Corporation holds the deficiency judgment as trustee for the Northern Terminal Corporation of New York. Plaintiff seeks to have defendant Maribert Realty Corporation assign the deficiency judgment to the Northern Terminal Corporation of New York, the Northern Terminal Corporation of New York then to satisfy the judgment of record and would have defendants enjoined from using the judgment against the plaintiff. Plaintiff also requests $100,000 damages.

There is set up as a defense to this action that the judgment in the foreclosure action is an adjudication of the issues in this action since all now alleged here might have been heard and determined there. The defendants allege, too, the mortgages foreclosed formed part of the purchase price of a piece of property referred to throughout the case as the " Dyckman Oval," which property was purchased by one Ward and one Davis from the Northern Terminal Corporation under a secret agreement with the plaintiff Butterly to give him a one-third interest in it; that plaintiff Butterly was the officer of the Northern Terminal Corporation of New York who negotiated this sale; that the secret agreement was carried out by deeding the property to the Carnival Palace Corporation, of which plaintiff Butterly was the president, and in which he received a one-third stock interest; that this action on the part of Butterly relieved the Northern Terminal Corporation of New York of any alleged duty to pay off the mortgages, and made it necessary to keep the mortgages alive and in force as the only means of collecting the balance of the purchase price of the Dyckman Oval. We consider this defense as having been adequately proven and conclude that the state of facts shown would have relieved the obligor of its promise to pay the mortgages.

There is, moreover, a complete bar to the action in the first defense. The court has found that Butterly was personally served with the summons and complaint in the foreclosure action. He admitted that he knew of the foreclosure action, but did not defend. Butterly defaulted in the foreclosure action. The complaint therein

demanded judgment against him for any deficiency, and the judgment awarded the amount in deficit. Butterly attended the sale at which the property was bid in for $100,000 by the foreclosure plaintiffs. The referee reported a deficiency in the sum of $108,796.62, which amount was docketed against Butterly. No appeal was taken from the foreclosure judgment.

After the docketing of the deficiency judgment against him, Butterly made a motion to cancel and vacate the judgment and submitted in support of the motion an affidavit setting forth his claim to be relieved therefrom. This motion was denied and no appeal was taken.

It is apparent that all that the plaintiff now complains of could have been set up as a defense in the foreclosure action.

Plaintiff's complaint essentially is that the Northern Terminal Corporation of New York failed to carry out its agreement to pay the mortgages. He attacks the present holder of the judgment, Maribert Realty Corporation, and its assignors, English, Heaney and Shaw, as merely representing the Northern Terminal Corporation of New York. He might have done that when threatened with the demand for a personal judgment.

The facts on which he now relies were known when the foreclosure action was pending. The connection between the Northern Terminal Corporation of New York and English, Heaney and Shaw arises from the fact that in 1925 the mortgages were assigned to English, Heaney and Shaw as security for the indebtedness of the Northern Terminal Corporation of New York to them, and that they agreed, upon payment of such indebtedness, to assign the mortgages to the company. All this took place at a meeting at which the plaintiff was present and he assented to it. Plaintiff, therefore, knew all of these facts when he was served with the summons and complaint in the foreclosure in 1927.

If, as plaintiff states, English, Heaney and Shaw had no right to foreclose and if the other facts alleged in the present complaint are true, he should have answered in the foreclosure suit. He had appeared therein by attorneys. His failure to answer and defend was deliberate. His default resulted in a judgment which established the right of English, Heaney and Shaw to foreclose the mortgage and established his liability for the deficiency.

That the judgment in foreclosure is binding upon the plaintiff cannot be questioned. He was served with process. He deliberately defaulted. His rights have been adjudicated.

There is no basis for an allowance of damages to plaintiff. The award of damages is essentially a counsel fee in a suit for prosecuting the suit. This may not be done. Costs and such allowances as

are proper under the statute are the sole compensation awardable here.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; MARTIN, J., dissents.

Judgment reversed, with costs, and the complaint dismissed, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.