EDWIN M. SLOTE and Another, as Trustees in Bankruptcy of PETER BARMANN BREWING COMPANY, INC., Respondents, v. CASCADE HOLDING CORPORATION, Appellant, Impleaded with ALFRED HANDEL and Others, Defendants.

Third Department, January 14, 1937.

*Hirson & Bertini* [*Max L. Rothenberg* of counsel], for the appellant.

*Louis Winer* [*Seymour J. Shapiro* with him on the brief], for the respondents.

HILL, P. J. Defendant Cascade Holding Corporation has appealed from an order of the Albany Special Term denying its motion to dismiss the plaintiffs' amended complaint under rule 107 of the Rules of Civil Practice. The ground for the motion was that a judgment had been rendered on the merits determining the issue sought to be raised and disposing of the cause of action pleaded in plaintiffs' complaint. The complaint in the present action alleges that the mortgage, foreclosed against the property of the bankrupt of which plaintiffs are trustees, was purchased by this appellant, the plaintiff in the foreclosure action, with money belonging to the bankrupt. The mortgage was given originally by Peter Barmann Brewing Company, Inc., now bankrupt, to the Kingston Trust Company, assigned by it to one Edelman and by him to appellant

Cascade Holding Corporation, it having been the plaintiff, as I have said, in the foreclosure action. The validity of the mortgage at the time it was given is not assailed in this action, the gravamen of the complaint being that the plaintiff in the mortgage foreclosure, defendant and appellant here, was not the owner of the mortgage, but only a trustee holding it for the benefit of Peter Barmann Brewing Company, Inc., having purchased it, as this complaint alleges, with the money of the brewing company. It was determined in the earlier action that Cascade Holding Corporation was the owner of the mortgage and was entitled to a judgment of foreclosure and sale of the property described in the mortgage.

This matter has been in litigation since August, 1934, when the action to foreclose the mortgage was begun. Thereafter, and on October twentieth, the mortgagor brewing company was adjudged a bankrupt and a trustee of the bankrupt estate was named, who was later succeeded by the trustees who are now plaintiffs. In March, 1935, by an order of the Special Term, the trustees in bankruptcy of the mortgagor, upon their own application, were permitted to intervene in the action as parties defendant. No answer on their behalf was served. Notice was given them of all proceedings in the mortgage foreclosure, including the motion for judgment of foreclosure and sale. This was granted on July 9, 1935, without opposition, and a notice of the sale of the premises on July thirty-first was served upon the attorney for the trustees. On July thirtieth, the day previous to the sale, these trustees made a motion in the foreclosure action to vacate the judgment. This was denied. An appeal was taken by the trustees from the order of the Special Term and on January 23, 1936, this court affirmed the order of the Special Term (*Cascade Holding Corp.* v. *Barmann Brewing Co., Inc.,* 246 App. Div. 883). Every fact set up in the complaint under review was pleaded in the answer which accompanied the motion papers to vacate the judgment.

The issue as to the right of the Cascade Holding Corporation to foreclose the mortgage was tendered in the foreclosure action. When it was determined therein that the plaintiff mortgagee by assignment owned the mortgage and had a right to a judgment of foreclosure and sale, every issue here sought to be raised was finally determined. I cite from the case relied upon by the respondents (*Jasper* v. *Rozinski,* 228 N. Y. 349): " ' It is a general rule that a judgment is conclusive between the parties and their privies upon all matters embraced within the issues in the action which were or might have been litigated therein. It is immaterial whether issues are joined by an answer to the complaint or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one

rendered after contest ' '' (p. 357).  The *Rozinski* case is not an authority to support respondents' position.  The facts distinguish it.

The order should be reversed on the law and facts, with fifty dollars costs, and the motion granted, with costs.

McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion.

Rhodes, J. (dissenting).  The appellant claims that the cause of action alleged in the complaint has been adjudicated previously upon the merits in another action, and that, therefore, the motion of the court below to dismiss the complaint because of the bar of said judgment should have been granted pursuant to rule 107 of the Rules of Civil Practice.

The gravamen of the action is fraud, the complaint charging that heretofore the Peter Barmann Brewing Company, Inc., made and delivered its bond and mortgage to the Kingston Trust Company, which by mesne assignments, through the fraudulent subterfuge of the individual defendants, came into the ownership of the appellant Cascade Holding Corporation, a mere dummy for the individual defendants, the said holding company having been created solely for the purpose of defrauding creditors of said brewing company, of which the defendants Handel, Sheehan and Andretta were in control and the owners thereof, who used said brewing company for their own purposes; that in furtherance of said fraudulent purpose and conspiracy the said mortgage was purchased from the Kingston Trust Company with moneys belonging to said brewing company; that the said brewing company has been adjudicated a bankrupt and by the transactions complained of, creditors of said brewing company having claims amounting to $130,000 have been prevented from enforcing their just claims.

It appears that shortly before the commencement of the bankruptcy proceedings the said Cascade Holding Corporation commenced an action for the foreclosure of said mortgage in which the said brewing company was made a defendant and duly served with the summons and complaint.

After the institution of the bankruptcy proceedings the plaintiffs herein sought in the Federal court to stay the foreclosure action, but were unsuccessful; thereupon plaintiffs with the consent of the attorneys for the plaintiffs in that action were granted an order authorizing and permitting them to intervene as parties defendant therein.  They failed to interpose any answer, and after considerable delay judgment of .foreclosure and sale was granted upon their default.  Immediately prior to the sale they applied for a stay of the sale and for leave to interpose an answer, a copy of which was

annexed to the moving papers. The motion was denied and the order of denial was affirmed by this court.

Such proposed answer set forth as a defense and as a counterclaim that the moneys with which the bond and mortgage in litigation were purchased from the Kingston Trust Company were moneys belonging to the brewing company, and that the assignment thereof was taken in the name of said Cascade Holding Corporation for the purpose of secreting and disposing of the assets of the brewing company and to defraud its creditors; it demanded judgment that the said assignment to the holding company be adjudged to be fraudulent as against the trustees in bankruptcy, which is the same relief demanded in the complaint now before us.

Thus it appears that the complaint herein and the proposed answer in the foreclosure suit are founded upon the same cause of action and the question remains whether the cause of action herein is now barred because of the determination resulting in said judgment.

When the trustees applied for permission to intervene in the foreclosure suit this constituted a voluntary general appearance in that action, and a voluntary general appearance is equivalent to personal service of summons upon a party. (Civ. Prac. Act, § 237; see, also, § 219; *Dunlop* v. *Sweet Brothers Paper Mfg. Co., Inc.*, 211 App. Div. 363; *Matter of Trowbridge*, 266 N. Y. 283.) Counsel for both parties agree that the estoppel of a former judgment extends to judgments by default as well as to those rendered after a determination on the merits, and that such estoppel extends to those matters which although not expressly embraced within the issues, were or might have been litigated therein. (*Foster* v. *White & Sons*, 270 N. Y. 572; *Allen* v. *United States Fire Ins. Co.*, Id. 597; *Stewart* v. *Stewart*, 198 App. Div. 337; *Matter of Stilwell*, 139 N. Y. 337; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304; *Wille* v. *Maier*, 256 id. 465; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 id. 239; *Butterly* v. *Maribert Realty Corp.*, 234 App. Div. 424; affd., 260 N. Y. 554; *Elna Realty Co., Inc.*, v. *Mamaquarro Apartments Corp.*, 234 App. Div. 105; *Credito Italiano* v. *Rosenbaum*, 271 N. Y. 583; *Werring* v. *Selig*, 241 App. Div. 67; *Kohly* v. *Fernandez*, 133 id. 723; *Lawton* v. *Hudson*, 19 id. 522; *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229; *Pray* v. *Hegeman*, 98 id. 351.)

This, however, does not solve the problem. Section 479 of the Civil Practice Act provides that where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. In this case no answer was interposed. The judgment was, therefore, a judgment by default and the issues presented by the complaint herein were not tendered by the com-

plaint in the foreclosure action. Had they been thus tendered or had they been raised by answer therein, then any judgment rendered upon the issues then before the court would have been binding upon the parties. This is the effect of said section 479 of the Civil Practice Act, which provides that "*Where there is an answer*, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and *embraced within the issue.*" (See *MacAffer* v. *Boston & Maine Railroad*, 268 N. Y. 400; *Boston & Maine Railroad* v. *D. & H. Co.*, Id. 382, at p. 388.)

The case of *Jasper* v. *Rozinski* (228 N. Y. 349) is relied on by the respondents to sustain the order herein. There a judgment creditor commenced an action to set aside several conveyances including a mortgage and assignment thereof, on the ground of fraud. He had previously been made a defendant in an action to foreclose said mortgage but had defaulted. It was held that the judgment in the foreclosure action did not estop such judgment creditor who had failed to appear and affirmatively allege and establish the fraud from thereafter bringing an action based on said fraud. The decision in that case is controlling here.

The order should be affirmed, with costs to the respondents.

Order reversed on the law and facts, with fifty dollars costs and disbursements, and motion granted, with ten dollars costs.